OPINION OF THE COURT
Gabrielli, J.
Whenever a criminal defendant’s pretrial motion to suppress evidence is granted, CPL 450.20 (subd 8) authorizes the People to appeal that determination to an intermediate appellate court provided that the People first file "a statement asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge which has been filed in the court either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibil *182 ity of prosecuting such charge to a conviction has been effectively destroyed” (CPL 450.50, subd 1). If such an appeal is unsuccessful and the order suppressing the evidence is not overturned by an appellate court, the taking of the appeal then "constitutes a bar to the prosecution of the accusatory instrument involving the evidence ordered suppressed” (CPL 450.50, subd 2).
In this article 78 proceeding, we are presented with the novel claim that this statutory scheme permits the People, after taking an unsuccessful appeal from an order suppressing evidence, to obtain a superseding indictment charging the same defendant with the same crimes contained in the first indictment, and to then prosecute that defendant pursuant to the new indictment. For the reasons discussed below, we hold that CPL 450.50 (subd 2) constitutes a bar to the prosecution of such a defendant for the crimes charged in the original indictment, and that this prohibition may not be evaded by obtaining a superseding indictment charging the defendant with the commission of those same crimes, at least in the absence of exceptional circumstances not here present.[1]
The relevant facts underlying this appeal are uncomplicated and undisputed. In January, 1976, a Queens County Grand Jury handed up an indictment charging petitioner and a codefendant with four counts of murder in the second degree. Petitioner made a pretrial motion to suppress certain statements he allegedly had made to the authorities, and that motion was granted by Supreme Court, Queens County. The People appealed to the Appellate Division after filing a statement declaring that "the deprivation of the use of the evidence suppressed has rendered the sum of the proof available to the People with respect to the crime charged in the indictment so weak in its entirety that any reasonable possibility of *183 prosecuting such charge to a conviction has been effectively destroyed”. The Appellate Division affirmed the order suppressing the statements, and the People were denied leave to appeal to this court.
Petitioner then moved in Supreme Court to dismiss the indictment. On the return date of the motion to dismiss, the People raised no objection to the dismissal of the indictment, but informed the court and the petitioner that the Grand Jury had issued a superseding indictment charging petitioner with the same crimes charged in the original indictment. The court dismissed the first indictment, but refused to dismiss the superseding indictment. Petitioner subsequently commenced this article 78 proceeding in the Appellate Division, seeking a writ prohibiting his continued prosecution upon the superseding indictment. The Appellate Division granted the requested writ of prohibition, and respondents now appeal by permission of this court.
Before discussing the merits of this appeal, we must first determine whether the extraordinary remedy of a writ of prohibition lies in a case of this type. We recently declared in Matter of Vega v Bell (47 NY2d 543, 546-547), that if a petitioner wishes "to raise his claim in the context of an article 78 proceeding seeking the extraordinary remedy of a writ of prohibition, he is subject to the limitations controlling the issuance of such a writ. As we stated in Matter of Dondi v Jones (40 NY2d 8, 13): '[T]he extraordinary remedy of prohibition lies only where there is a clear legal right and only when the body or officer "acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction” (Matter of State of New York v King, 36 NY2d 59, 62; Matter of Nigrone v Murtagh, 36 NY2d 421, 423-424). It must be directed to some inferior judicial tribunal or officer and lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action (Matter of Kaney v New York State Civ. Serv. Comm., 190 Misc 944, 951, affd 273 App Div 1054, affd 298 NY 707; 23 Carmody-Wait 2d, NY Prac, § 145:215, p 788; see Comment: The Writ of Prohibition in New York — Attempt to Circumscribe an Elusive Concept, 50 St John’s L Rev 76, 84)’ (accord Matter of Jaffe v Scheinman, 47 NY2d 188, 192-193; Matter of B. T. Prods. v Barr, 44 *184 NY2d 226, 231-232; Matter of Steingut v Gold, 42 NY2d 311, 315-316)”.
Applying these principles to the case before us, it is readily apparent that all the prerequisites for issuance of a writ of prohibition are present and, thus, if petitioner’s substantive arguments are sound, we must conclude that the Appellate Division did not err in issuing the writ. It is the gist of petitioner’s argument that as a result of the unsuccessful appeal from the order of suppression, the District Attorney lacked the power to obtain a superseding indictment, the Grand Jury lacked the power to indict the petitioner, and the courts lack the power to try him upon that indictment. So viewed, for purposes of the propriety of the writ of prohibition, petitioner’s claim is indistinguishable from the claim asserted by the petitioner in Matter of Vega v Bell (supra), in which it was claimed that the Grand Jury lacked the power to indict a juvenile unless he was first provided with a removal hearing in a local criminal court. While rejecting the substantive claim asserted in Vega, we concluded that an article 78 proceeding seeking a writ of prohibition was an appropriate means of asserting such a claim, since it was "petitioner’s claim that he may not be brought to trial upon the pending indictment because the Grand Jury lacked the power to indict him” (47 NY2d, at p 547). We must reach the same result in the instant appeal, for we can discern no principled distinction between the two claims for purposes of determining the availability of the writ of prohibition.[2]
That prohibition is available was foreshadowed by and is not inconsistent with our holding in Matter of Kellog v Supreme Ct., County of Queens (29 NY2d 615), in which we affirmed an order of the Appellate Division dismissing a petition seeking to prohibit prosecution of certain charges in an indictment following an unsuccessful appeal by the People from an order suppressing evidence involving one or more charges in that indictment. Our decision in Kellog was prem *185 ised not upon the assumption that prohibition may never lie to prevent prosecution of a defendant following an unsuccessful appeal by the People from an order suppressing evidence, but rather upon the discretionary nature of the writ of prohibition. As we have previously stated, "[prohibition is not mandatory, but may issue in the sound discretion of the court” (La Rocca v Lane, 37 NY2d 575, 579; see Comment, The Writ of Prohibition in New York — Attempt to Circumscribe an Elusive Concept, 50 St John’s L Rev 76, 97-98). In Kellog, unlike the present case, the merits of the petitioner’s substantive claims were obscured by a variety of collateral issues. There, the petitioner and several others had been charged with certain crimes by a multiple count indictment. Although the People had unsuccessfully appealed from an order suppressing certain evidence related to at least one count in the indictment, it was not evident whether that evidence was in fact relevant to those counts which the People sought to continue to prosecute. Since the language of the statute then in existence barred prosecution only of the "charges” involving the suppressed evidence, and not all the charges contained in the accusatory instrument (see Code Grim Pro, § 518-a) the applicability of the statutory prohibition in that case was far from clear. Under those circumstances, we were unable to conclude as a matter of law that the Appellate Division had abused its discretion in refusing to issue a writ of prohibition. Had we then concluded that the writ was unavailable as a matter of law, there would have been no occasion to review the exercise of discretion. Here, in contradistinction, the legal issues are clearly and forcefully presented: the determination whether the People have the power to prosecute this petitioner comprises a question of law, resolution of which depends solely upon the proper interpretation of CPL 450.50 (subd 2), and which does not involve any disputed questions of fact. Hence, this is a proper case for issuance of the extraordinary writ of prohibition should petitioner’s substantive claims be sound. Accordingly, we now turn our attention to the validity of those arguments.
The dispositive question on this appeal is whether CPL 450.50 (subd 2) prohibits further prosecution only of the accusatory instrument involved in the unsuccessful appeal by the People, or whether it precludes all further prosecution of the petitioner for the charges contained in that indictment. The respondents contend that since the statute speaks of "the *186 accusatory instrument involving the evidence ordered suppressed”, it does not prevent the prosecution of the petitioner for the same crimes pursuant to a superseding indictment. In essence, the respondents suggest that the use of the word "the” limits the phrase "accusatory instrument” to the particular instrument commencing the prosecution involving the original appeal. While this argument is not without some surface appeal, we are compelled to reject it, for the term "accusatory instrument” as employed in this statute encompasses not merely the instrument qua instrument, but also the criminal charges contained therein.
The present statute is derived from section 518-a of the Code of Criminal Procedure. The latter section, which was first adopted in 1962 (L 1962, ch 954, § 3), was part of a comprehensive package designed to provide a procedure for determining the admissibility of evidence alleged to have been seized in violation of law. As a part of that package, it was deemed advisable to allow the People the opportunity to appeal a pretrial suppression order immediately. Were no such appeal authorized, the People would in effect be deprived of any opportunity to appeal from an order of suppression, for if the defendant were subsequently convicted despite the absence of the suppressed evidence, the People perforce would neither wish to nor have any occasion to appeal, whereas if the defendant were to be acquitted, permitting an appeal from the order suppressing the evidence would serve no purpose since the acquittal would bar retrial even were it subsequently to be determined that the evidence was wrongfully suppressed.
At the same time, however, it was recognized that an order suppressing evidence would normally be deemed an interlocutory order, and there exist sound policy reasons for limiting appeals from interlocutory orders in pending criminal cases (see Matter of State of New York v King, 36 NY2d 59, 63-64). The Legislature sought to balance these opposing considerations, and to enact a statute which would allow an appeal where such was absolutely essential, without at the same time encouraging or authorizing a drastic increase in appeals from nonfinal orders. Thus, the statute allowed the People to appeal as of right from an order suppressing evidence, but only in those cases in which the effect of the order sought to be appealed from, if not overturned, would be to destroy the *187 People’s case altogether. To ensure that such appeals would in fact be taken only in cases of that nature, the statute provided that unless the People were to prevail on such an appeal, the taking of the appeal itself would constitute "a bar to the filing of any criminal charge and to the prosecution of any existing criminal charge against the [defendant] involving the [evidence] in question” (Code Grim Pro, § 518-a). Accordingly, the People were put to the choice of either continuing the prosecution without the suppressed evidence in the hope of nonetheless obtaining a conviction, and in the knowledge that an acquittal would end the matter for once and for all, or appealing the order suppressing the evidence, with the knowledge that a failure to prevail on that appeal would likewise finally terminate the prosecution.
The draftsmen of the Criminal Procedure Law initially recommended that the language of section 518-a of the Code of Criminal Procedure be continued in the Criminal Procedure Law without any significant modification relevant to this issue (Staff Comments to proposed CPL 230.40). When the Criminal Procedure Law was actually adopted, however, the language was changed slightly. Instead of precluding, prosecution of the charges which involved the suppressed evidence, the present statute, CPL 450.50 (subd 2), bars subsequent prosecution of the entire accusatory instrument. While there exist no concrete indicia of the purpose of this change in terminology, it is highly probable that the modification was intended to obviate the need to determine which of the charges in an accusatory instrument actually "involve” the suppressed evidence. That inquiry, which was mandated by section 518-a of the Code of Criminal Procedure, was inherently tortuous and its results were tenuous at best. When viewed both prospectively and abstractly, as must always be the case prior to a trial, the interplay between the evidence and the various related charges in an indictment cannot readily be traced. Hence, the statute was amended to simply preclude prosecution of the accusatory instrument and all the charges contained therein regardless of whether the suppressed evidence was relevant to all the charges. So viewed, the amendment of the statute does not indicate any intent to limit the prosecutory bar to the actual accusatory instrument involved in the original prosecution. Rather, the change served to expand the scope of that prohibition to include all charges contained in the accusatory instrument. Thus, to interpret the statute as the People would *188 have us do would be to do violence to the patent purpose of the statute.
Indeed, were we to interpret the statute as the respondents suggest, rather than eliminating unnecessary appeals and proceedings, the effect of the law would be to increase the number of appeals and to place an undue burden upon an already overstrained criminal justice system. The purpose of the bar against future prosecutions is to discourage frivolous appeals by providing that any appeal from an order of suppression, unless successful, will terminate the prosecution. Were we to allow the People to avoid this result by the simple expedient of obtaining a superseding indictment following the failure to overturn the suppression order on appeal, the statutory scheme would become something of a charade. Absent a clear indication that the Legislature so intended, the statute should not be deemed to allow the District Attorney, after first declaring as a precondition to taking an appeal from an order suppressing evidence that the People would have no case without that evidence, subsequently to return to the Grand Jury and obtain a superseding indictment based upon the very evidence which he had previously declared to be insufficient. Not only would such a procedure defeat the legislative intent to terminate all proceedings on the accusatory instrument following an unsuccessful appeal, but it would actually place a greater and totally unnecessary burden upon the criminal justice system by mandating the commencement of a new criminal proceeding following an unsuccessful appeal by the People rather than simply allowing the prior proceeding to continue. Were this the case, the bar of CPL 450.50 (subd 2) would be more illusory than real. Thus, we decline the respondents’ invitation to interpret the statute in such a way as to render it essentially meaningless.
In sum, we conclude that when the People take an unsuccessful appeal from an order suppressing evidence, CPL 450.50 (subd 2) prohibits subsequent prosecutions of the same defendant upon either the same or a superseding accusatory instrument for the crimes charged in the original instrument, at least in the absence of extraordinary circumstances.
Accordingly, the judgment appealed from should be affirmed.

. Respondents suggest that even if CPL 450.50 (subd 2) would normally bar reindictment of a defendant following an unsuccessful appeal by the People from an order suppressing evidence, the result should be different in those cases in which the People uncover significant new evidence following the taking of such an appeal. Even if we were to agree with this proposition, it would not sustain the superseding indictment at issue in the instant case, since here all the evidence, including the now-claimed new evidence, was concededly available to the People at the time the required statement was filed as a prerequisite to the appeal from the order suppressing evidence, although all the evidence may not have been available when the matter was first presented to the Grand Jury. Hence, we need not and accordingly do not reach this issue, although we note that it is a matter which might be resolved most readily by legislative clarification of the statute.

. We note that claims such as these are to be distinguished from those based upon a perceived defect in the proceedings or the ultimate decision of a Grand Jury which has the power to indict a particular individual should the Grand Jury determine that reasonable cause exists to believe that such person has committed an offense. Here, as in Matter of Vega v Bell (supra), the basis of the claim is that the petitioner simply could not be indicted for the crimes charged, despite the strength of the evidence presented and the correctness of the Grand Jury’s procedures. Such a contention is founded on an alleged excess of power, rather than a mere error of law, and hence prohibition is an available remedy.