Gabrielli, J.
(dissenting in part). I am in complete agreement with the majority’s conclusion that the determination of the council in this instance was subject to reconsideration at any time prior to the final approval of petitioner’s application for permission to open a new hospital in eastern Suffolk County. I cannot agree with the majority’s decision, however, insofar as it leaves intact that portion of the Appellate Division order which converted the instant litigation from a proceeding under CPLR article 78 to an action for injunctive relief under section 2801-c of the Public Health Law (see CPLR 103).
The Appellate Division believed conversion to be necessary in this case because, in its view, the administrative action in question was not “final” and was therefore not reviewable under article 78. This conclusion was apparently premised upon the language of CPLR 7801, which provides, in pertinent part, that “[ejxcept where otherwise provided by law, a proceeding under this article shall not be' used to challenge a determination (1) which is not final” (emphasis supplied). Unfortunately, the Appellate Division failed to appreciate that not all administrative actions that may be challenged under article 78 are “determinations” which are subject to the finality requirement.
The finality requirement for proceedings to challenge certain administrative actions is derived from section 1285 of the Civil Practice Act, the predecessor to CPLR 7801 (subd 1). Like CPLR 7801 (subd 1), section 1285 of the Civil Practice Act imposed a requirement of finality in proceedings to “review a determination”. The phrase “review a determination” was then defined in section 1284 as referring to “the relief heretofore available in a certiorari or a *99 mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, which involves an exercise of discretion” (emphasis supplied). This definition clearly excluded from the finality requirement proceedings in which the remedy of prohibition was sought and those mandamus proceedings which were brought to challenge an administrative act not involving “an exercise of * * * discretion” (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.06, at p 78-23). Although the definitional provisions contained in section 1284 were not carried through when the CPLR was adopted, it is apparent that the omission was not intended to produce a substantive change in the existing law and that the finality requirement embodied in CPLR 7801 (subd 1) continues to apply only to proceedings brought to challenge quasi-judicial or discretionary administrative acts (see 8 Weinstein-Korn-Miller, NY Civ Prac, at p 78-24).
The majority’s unexamined assumption that petitioner sought to compel the performance of a discretionary act in this mandamus proceeding rests upon a fundamental misunderstanding of the nature of the three basic remedies available under article 78. Historically, the remedy of certiorari was used only as a vehicle for obtaining judicial review of agency determinations made on the basis of evidentiary hearings (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.04, at p 78-14). The familiar “substantial evidence” test was and continues to be the appropriate standard of judicial review where the remedy of certiorari is sought (CPLR 7803, subd 4; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). The second remedy now subsumed under article 78 may be traced to the “ancient and just” writ of prohibition, which was used, in general terms, to enjoin a public officer acting in a judicial or quasi-judicial capacity from taking steps in excess of his jurisdiction (Matter of McGinley v Hynes, 51 NY2d 116, 122-123; Matter of Forte v Supreme Ct. of State of N. Y., 48 NY2d 179, 183; Matter of Dondi v Jones, 40 NY2d 8, 13). Article 78 petitions seeking relief under either of these two remedies are ordinarily fairly easy to distinguish, since *100 the underlying official or agency conduct associated with each remedy is readily identified and classified.
In contrast, the remedy of mandamus, the third broad category of relief now subsumed under the modern procedural vehicle of the article 78 proceeding, has led to some confusion, because it “most often straddled. the line between the two old writs” of certiorari and prohibition (Siegel, New York Practice, § 558, at p 778). Indeed, the concept of mandamus really encompasses two distinct types of relief, both of which may be associated for purposes of the present analysis with one of the two ancient, remedies discussed above. “[M]andamus to review”, which is analogous to certiorari, was developed as a vehicle to permit judicial review of final agency determinations that did not require evidentiary hearings (Siegel, New York Practice, § 561). Such determinations characteristically rest within the sound discretion of the administrative agency and cannot be overturned unless they are shown to be “arbitrary and capricious” (§ 561). On the other hand, “mandamus to compel”, which is really only the converse of the remedy of prohibition, by definition cannot apply to agency decisions involving the exercise of discretion, since it entails compelling a public officer to perform an act which he is obligated by law to perform.
Although the distinction between the two different types of mandamus is ordinarily unimportant in modern article 78 proceedings since that statute has eliminated the rigidities of the former writs (see Thornton, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801, at p 17), the distinction remains of crucial significance in cases such as this, where the courts must decide whether the finality requirement embodied in CPLR 7801 (subd 1) is applicable. As noted above, the former provisions of the Civil Practice Act required finality only where certiorari or the related relief of “mandamus to review” was sought; no similar requirement was imposed where the petitioner sought judicial relief in the form of prohibition or “mandamus to compel” (Civ Prac Act, § 1284). It thus becomes apparent that unless the petitioner seeks “mandamus to review”, the equivalent of certiorari for situations not re *101 quiring a hearing, the agency decision in question may be challenged under article 78 even though the decision may be characterized as interlocutory.
In this case, petitioner commenced the article 78 proceeding to compel the administrative agency to abide by its prior determination concerning the public need for the proposed medical facility. Such a proceeding obviously does not involve certiorari, since the agency’s decision to reopen its determination was not preceded by a hearing and there is no claim that the decision is unsupported by “substantial evidence”. Similarly, the proceeding cannot logically involve “mandamus to review”, since it is based not upon a claim that the agency abused its discretion in making a determination that was within its power to make, but rather upon the assertion that the agency had a legal duty to act under the doctrine of equitable estoppel. In fact, it was petitioner’s position that the agency no longer had any discretion in the matter because it had already made a determination on the issue and had induced petitioner to act in reliance upon its conditional approval. Clearly, a petition framed in these terms states a claim for relief in the nature of “mandamus to compel” a nondiscretionary administrative act.[1] Accordingly, the finality requirement established in CPLE 7801 (subd 1) is not applicable, and there is no logical impediment to the maintenance of petitioner’s claim under article 78 (see Matter of Utica Cheese v Barber, 49 NY2d 1028).[2]
*102 The majority’s decision to approve the conversion of this litigation from an article 78 proceeding to an action for injunctive relief under section 2801-c of the Public Health Law is particularly objectionable in this situation, because it establishes for the first time that section 2801-c may be used by a health services provider as a vehicle for suing the Public Health Department and the various agencies which operate under its supervision. Prior to this decision, it seemed fairly clear that section 2801-c provided a remedy only against hospitals acting in violation of the regulatory scheme set forth in article 28 of the Public Health Law and the regulations promulgated thereunder (see, e.g., Matter of Cohoes Mem. Hosp. v Department of Health of State of N. Y., 48 NY2d 583). By its decision today, however, the majority has, in effect, ruled that section 2801-c may also be used to challenge the determinations of the Public Health Department and to force that agency to act within the regulatory scheme of the statute. Inasmuch as there is nothing in the language or legislative history of section 2801-c which suggests that the statute was intended to be used in this manner, I am compelled to express my disagreement with the majority’s, interpretation of the statute, which, unfortunately, sanctions the circumvention of the normal procedures outlined in article 78 for challenging the acts and decisions of administative agencies.
In this connection, it is worthwhile to stress that the finality requirement contained in CPLR 7801 (subd 1) is not a mere “technicality”, but rather is the statutory embodiment of the substantive “exhaustion of remedies” doctrine, which is designed to ensure that the courts will abstain from intervening in administrative disputes until the agency has completed its deliberations and the controversy has become “ripe” (see Siegel, New York Practice, § 558, at p 778). Under the doctrine and the applicable provisions of the statute, an applicant must exhaust all administrative avenues and await a final agency determination before coming to court and seeking judicial relief in the form of certiorari or “mandamus to review”, although no similar requirement is imposed when the official decision in question is one of those that may be remedied through prohibition or “man *103 damus to compel”. In this case, although the majority has concluded that the agency decision at issue is nonfinal and has further concluded that the decision is among those that must be final in order to be subject to judicial review under article 78, it apparently sees no difficulty in holding that petitioner may nonetheless seek judicial review immediately through an action for injunctive relief. In my view, however, this position is inherently illogical and, more seriously, represents a misuse of the “conversion” device authorized by CPLR 103 to enable a litigant to avoid the substantive “exhaustion of remedies” rule contained in CPLR 7801 (subdl).
The central difficulty in the majority’s analysis lies in its internal inconsistency. If, as the majority contends, the agency decision under review is one subject to the finality requirement of article 78, the observation that the decision does not meet that requirement leads inexorably to the conclusion that the decision ought not be reviewed in the courts at all, at least at this stage of the proceeding. Thus, under the majority’s own analysis of the facts, the petition in this case should not have been “converted”, but rather should have been dismissed without a full consideration of its merits upon the theory that, since petitioner failed to exhaust its administrative remedies as required, the matter is not yet ripe for judicial review. On the other hand, if, as I have proposed, the decision in question is not among those made subject to the finality rule embodied in CPLR 7801 (subd 1) because it is reviewable through the vehicle of “mandamus to compel”, the “exhaustion of remedies” doctrine would present no logical barrier to a judicial review of the merits and the matter may properly be considered in a proceeding brought pursuant to article 78. In short, whether we regard the claim for relief as one sounding in “mandamus to review”, as the majority apparently has done, or we regard the claim as one sounding in “mandamus to compel”, as I contend we must, the unavoidable conclusion is that the “conversion” below of the proceeding to an action for injunctive relief was wholly inappropriate.
Accordingly, I cast my vote to reconvert the action to an *104 article 78 proceeding and reverse the order of the Appellate Division in its entirety.
Judges Jones, Wachtler and Fuchsberg concur with Judge Jasen; Judge Gabrielli dissents in part and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Meyer concur.
Order modified, with costs to appellants, in accordance with the opinion herein and, as so modified, affirmed.

. That petitioner may not, in fact, have had a clear legal right to compel the agency to act as a matter of substantive law does not alter the conclusion that its petition stated a claim for article 78 relief in the nature of “mandamus to compel”.

. I do not take issue with the majority’s assertion that the Public Health Council’s ultimate determination is essentially discretionary (at pp 96-97) but I would question the pertinence of this observation in the context of the instant dispute. Contrary to the majority’s assertions, petitioner did not commence the proceeding to compel the agency to make its ultimate decision in its favor, although a favorable decision is, no doubt, petitioner’s underlying aspiration. Instead, as the majority correctly notes earlier in its opinion, petitioner commenced the proceeding in order to challenge the interlocutory decision of the agency to reopen its prior finding of public need. Inasmuch as this discrete decision is itself subject to challenge in a proceeding brought pursuant to article 78 (cf. Matter of Utica Cheese v Barber, 49 NY2d 1028, supra), the discretionary character of any “ultimate” decision that the agency might make on petitioner’s entire application can only be regarded as irrelevant.