**STATE of North Dakota, Plaintiff and Appellant,**

**v.**

**Adam John DILGER, Defendant and Appellee.**

Cr. No. 853.

Supreme Court of North Dakota.

July 30, 1982.

Robert G. Hoy, States Atty., Fargo, for plaintiff and appellant.

Kraemer, Beauchene & Associates, Fargo, for defendant and appellee; argued by Frederick D. Kraemer, Fargo.

PAULSON, Justice.

This is an appeal by the State from an order of the District Court of Cass County granting Adam John Dilger's motion to suppress evidence. We dismiss the appeal.

The appellee, Adam John Dilger, was charged with murder, a Class AA felony, in violation of Section 12.1–16–01 of the North Dakota Century Code. Dilger filed several motions to suppress. The district court suppressed the following items: (1) photographs of the victim and the crime scene taken during an initial on-the-scene investigation, (2) a photograph of Dilger with two unidentified persons which was removed from Dilger's pick-up truck by police officers while executing a search warrant, and (3) photographs of Dilger's pick-up truck taken during the execution of a search warrant. The State brought this appeal pursuant to § 29–28–07(5), N.D.C.C. which provides that the State may appeal from an order suppressing evidence "when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the [suppressed evidence] . . . has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) *insufficient as a matter of law, or* (2) *so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed.*" § 29–28–07(5), N.D.C.C. [emphasis added]. The statement required by § 29–28–07(5), N.D.C.C., and filed by the prosecuting attorney in this case recited only the statutory language, i.e. the prosecuting attorney stated that the deprivation of the use of the suppressed photographs of the homicide scene and of Dilger's truck "rendered the proof available to the State with respect to the pending criminal charge of murder so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed."

The appellee, Dilger, has questioned the State's authority to take this appeal. He contends that the State possesses a significant amount of evidence which establishes the facts represented in the suppressed photographs and, therefore, that the prosecuting attorney's statement asserting the destruction of the State's case by the suppres-

sion of the photographs is factually incorrect.

Dilger's contentions raise several issues:

(1) To what extent, if any, must the prosecuting attorney support his statement that the suppression order has effectively destroyed any possibility of conviction?

(2) What is the scope of appellate review of the prosecutor's statement filed pursuant to § 29–28–07(5), N.D.C.C.?

(3) Has the State discharged its burden of establishing its right to appeal in this case?

 We hold that when an appeal is taken by the State pursuant to § 29–28–07(5), N.D.C.C., the prosecuting attorney should, in addition to the statement prescribed by § 29–28–07(5), provide this court with an explanation, not inconsistent with the record, stating the reasons why the trial court's order has effectively destroyed any possibility of prosecuting the criminal charge to a conviction. The prosecuting attorney's explanation should be included either with the statement filed pursuant to § 29–28–07(5), N.D.C.C., or in the State's brief filed for the purposes of the appeal. The prosecutor's explanation of why the suppressed evidence is essential to the State's case need not be (although it certainly may be) based upon the record. Often the record will show the critical value of the suppressed evidence. For example, the testimony of the arresting officer at the suppression hearing may indicate that the evidence which the defendant seeks to have suppressed is the only evidence available to the State. In such a case, the prosecuting attorney may establish the propriety of the State's appeal by referring to the appropriate portions of the record. When the rec-

ord does not reveal whether or not any possibility of prosecution has been destroyed, the prosecutor must explain why this is so. For example, the prosecutor might explain that the State has no eyewitnesses; or that it does have an eyewitness but the witness's opportunity to observe was so brief that without the fingerprints, the confession, or whatever the evidence in question is, any possibility of conviction has been effectively destroyed. *See Commonwealth v. Kunkel*, 254 Pa.Super. 5, 385 A.2d 496 (1978) (prescribing similar requirements). *See also Commonwealth v. Martz*, 259 Pa.Super. 201, 393 A.2d 787 (1978) (citing *Kunkel* requirements).

 However, our review of the prosecutor's statement and explanation must be guided by the utmost deference for the prosecutor's judgment in evaluating the remaining proof. The prosecuting attorney is in a better position than either his opponent or this Court to evaluate the State's chances of succeeding at trial with the available evidence. Our chief concern is that the prosecutor discharge his statutory obligation of determining whether or not the suppressed evidence is critical to the State's case. We are reluctant to dismiss the State's appeal unless the prosecution's determination of the need for the suppressed evidence is clearly inconsistent with the record or is without foundation in reason or logic.

Our holding is required by the legislative origins of § 29–28–07(5), N.D.C.C. This statute was introduced in the 1977 Legislature at the request of the Attorney General. The minutes of the House Judiciary Committee which considered the bill indicate that it was "patterned after a Minnesota law." [1] Section 29–28–07(5), N.D.C.C., is

---

1. Minutes of House Judiciary Committee on House Bill 1223, Jan. 26, 1977. The minutes also make reference to federal law as a source for the North Dakota statute. The federal law governing appeals from suppression orders is codified in 18 U.S.C. § 3731 (Supp.1982). The pertinent part of this statute provides that the government may appeal from an order granting a motion to suppress evidence "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731 (Supp.1982). See generally 34 A.L.R.Fed. 617 (1977). We have found little guidance from federal cases concerning the extent to which the government must establish the appealability of the suppression order. Some courts require the government to demonstrate the materiality of the suppressed evi-

virtually identical to the Minnesota law from which it was derived.

■ Where a statute is taken from another state and adopted without change it is presumed that the legislature adopted the construction previously placed upon it by the courts of the state from which the statute was taken. *Bartels v. City of Williston*, 276 N.W.2d 113 (N.D.1979). The Minnesota Supreme Court has consistently interpreted its statute[2] as placing upon the prosecution the burden of establishing the appealability of the suppression order. In *State v. Kinn*, 288 Minn. 31, 178 N.W.2d 888, 890 (1970), the court described the showing the prosecution must make in order to obtain appellate review:

"... [The prosecution's showing] must have sufficient substance to indicate that the trial court's adverse order has effectively prevented the chance of a successful prosecution because there is a lack of evidence, other than that suppressed, which would permit a successful prosecution."

*See* also *State v. Hicks*, 301 Minn. 350, 222 N.W.2d 345 (1974) (suppression order appealable because suppressed evidence necessary for conviction). An interpretation of § 29–28–07(5), N.D.C.C., which would confer upon the State an automatic right to appeal merely upon the recitation of the statutory language would be inconsistent with the construction placed upon the Minnesota statute by the Minnesota Supreme Court.

Decisions of this Court which have considered § 29–28–07(5), N.D.C.C., militate against a reading of the statute which would insulate the prosecuting attorney's statement from any challenge or review. In *State v. Fields*, 294 N.W.2d 404, 406 (N.D.1980), this Court held that a delay in filing the prosecutor's statement did not warrant dismissal of the appeal "particularly where the defendant has not challenged the content of the statement but only the date of its filing." In *Fields, supra*, we hastened to add that our decision "should not be read as shifting to a defendant the burden of proving that the State could still reasonably prosecute without the suppressed evidence." *See also State v. Borden*, 316 N.W.2d 93 (N.D.1982) (State permitted to file § 29–28–07(5), N.D.C.C., statement after oral argument where the contents of the statement had not been challenged).

Moreover, our holding is required by the clear language and intent of § 29–28–07(5), N.D.C.C. It is beyond question that the legislature intended to allow the State to appeal from a suppression order only if it has effectively prevented the chance of a successful prosecution because there is a lack of evidence, other than that suppressed, which would permit a successful prosecution. Prior to the enactment of § 29–28–07(5), N.D.C.C., the State had no right to appeal from an order suppressing evidence. *See State v. Iverson*, 219 N.W.2d 191 (N.D.1975). By requiring prosecuting attorneys to support their statements filed pursuant to § 29–28–07(5), N.D.C.C., and by subjecting these statements to review under the guidelines set forth herein, we ensure that the legislative intent in prescribing a limited right to appeal from an order suppressing evidence is carried out.

---

dence and independently determine, on appeal, whether or not this is so. *See, e.g. United States v. Booth*, 669 F.2d 1231 (9th Cir. 1981); *United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979) (en banc), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980). Other courts find the mere recitation of the statutory standard adequate and avoid an independent evaluation of the materiality of the contested evidence. *See United States v. Comiskey*, 460 F.2d 1293 (7th Cir. 1972).

**2.** The Minnesota statute from whence our law was derived, § 632.12, Minn.Stat. (1976), was superseded by Rule 29.03(1) of the Minnesota Rules of Criminal Procedure. The Minnesota Supreme Court, however, has retained the "old" statutory standard as an appropriate guide for determining the appealability of a suppression order under the present rule of criminal procedure. *State v. Webber*, 262 N.W.2d 157 (Minn.1977). *See also State v. Helenbolt*, 280 N.W.2d 631 (Minn.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 709, 62 L.Ed.2d 672 (1980).

Besides the photographs suppressed by the trial court in this case, the record shows that the following evidence is available to the State:

(1) the testimony of approximately six to ten law enforcement officers and three other persons who observed the homicide scene before anything was disturbed; (2) numerous photographs taken of the homicide scene the day following the shooting which are identical to the suppressed photographs except that the victim and the gun have been removed, a chalk mark appears were the victim lay, and the telephone appears in its proper place instead of on the floor near the victim; (3) the testimony of approximately eight persons who heard the defendant say that he shot the victim; (4) a tape recording of a phone call made by the victim to the sheriff's office naming the defendant as her assailant, and recording a shotgun blast and a woman's piercing scream; (5) a scaled diagram of the interior of the victim's apartment; (6) the shotgun, which was discovered approximately two feet from the victim's body, and three shotgun shells; (7) the victim's autopsy report and photos and x-rays taken during the autopsy; (8) the victim's clothes; and (9) a report from the State Laboratory indicating that the defendant had fired or handled a weapon that had recently been discharged.

At oral argument, the prosecuting attorney informed the Court that the photographs were important because they offered the jury a pictorial representation of the crime scene, might be useful for cross-examination of the defendant, and were helpful for establishing the defendant's guilt of murder as opposed to manslaughter. When asked, however, to explain why the suppression order had effectively destroyed the State's case, the prosecuting attorney stated that he had "no way of answering" the question. The prosecuting attorney also agreed with our characterization of the suppressed evidence as "cumulative".

Under these circumstances, we conclude that the State has failed to discharge its burden of establishing that the order suppressing evidence has rendered the proof available to the State with respect to the criminal charge so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The appeal is dismissed.

ERICKSTAD, C. J., and SAND, VANDE WALLE and PEDERSON, JJ., concur.