**STATE of North Dakota, Plaintiff and Appellant,**

v.

**David Richard FRANK, Defendant and Appellee.**

**Crim. No. 980.**

Supreme Court of North Dakota.

May 31, 1984.

Keith Reisenauer, Asst. State's Atty., Fargo, for plaintiff and appellant State of N.D.

Kenneth A. Olson (argued), and Frank L. Racek, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

The State appealed from an order and amended order of the county court, Cass County, suppressing the results of a blood-alcohol test given to David Frank, who was charged with driving while under the influence of alcohol. We affirm.

On May 13, 1983, at about 11:30 p.m., Frank was involved in a rear-end collision while driving on a highway. Officer Gerald Olson of the North Dakota Highway Patrol, who arrived at the scene of the accident at midnight, was unable to interview Frank about the accident because two passersby had driven Frank to a hospital. Officer Olson called Officer James Metheny of the North Dakota Highway Patrol and instructed him to go to the hospital and interview Frank.

At the hospital Officer Metheny found Frank on a table in the emergency treatment room. At trial he testified that he saw a doctor stitching a wound on Frank's head and asked the doctor and Frank for permission to administer a screening test. After Frank consented to and failed the alert test and after Officer Metheny noticed a strong odor of alcohol, he told Frank that he would be charged with driving while intoxicated, but he did not place Frank under arrest. At trial Officer Metheny stated that he "informed" Frank that he was going to have a nurse take a blood sample and that Frank made no verbal response to his statement. The nurse administering the test testified that she asked Frank for permission to take a blood sample and that he consented.

Officer Olson, after interviewing the driver and the passenger of the car allegedly struck by Frank, went to the emergency room. He observed that Frank had sustained a facial injury from which blood was seeping, was very groggy, had bloodshot eyes, spoke with difficulty, and smelled of alcohol. Officer Olson stated that he placed Frank under arrest at the hospital after the treatment was completed. The nurse testified that Frank was discharged from the hospital at 1:18 a.m.

The county court granted Frank's motion to suppress the results of the blood-alcohol test, finding that Frank did not voluntarily consent to the test. On appeal the State contends that the test results should not be suppressed because Frank did consent to the test.

Before considering the merits of the State's position, we must first consider Frank's argument that this appeal should be dismissed because the State has failed to comply with the requirements of *State v. Dilger*, 322 N.W.2d 461 (N.D.1982), 338 N.W.2d 87 (N.D.1983).

I

In *State v. Dilger, supra,* we interpreted Section 29–28–07(5), N.D.C.C., which grants the State, under certain circumstances only, the right to appeal the granting of a motion to suppress evidence. To comply with Section 29–28–07(5), the State must explain how the granting of the motion to suppress has rendered evidence insufficient as a matter of law or how the State's case has been effectively destroyed. A statement that merely paraphrases the language of the statute is clearly inadequate. See *State v. Dilger, supra.* The State's explanation need not be based on the record, but may include other evidence in order to establish that further prosecution without the suppressed evidence would be futile, not just somewhat more difficult.[1] Under the two narrow circumstances provided by Section 29–28–07(5), an appeal is proper because the order granting the motion to suppress evidence is like a final order, i.e., the suppression order, according to the State in its statement, determines the outcome of the prosecution.

In *State v. Anderson,* 336 N.W.2d 634 (N.D.1983), the State asserted that without the results of the blood-alcohol and urine tests it would be unable to prove that the defendant, who was charged with the offense of manslaughter, acted recklessly. The State claimed that the defendant's apparent history of unusual behavior might evoke jury sympathy and thwart its efforts to prove reckless conduct, as demonstrated

---

1. New York has a statute similar to Section 29–28–07(5), N.D.C.C. See N.Y.Crim.Proc.Law § 450.50(1) (McKinney 1983). To ensure that the State acts in good faith when it asserts in its statement that the suppression order has rendered evidence legally insufficient or has effectively destroyed its case, the New York Legislature enacted a statute which provides that, absent extraordinary circumstances, the State may not continue to prosecute a defendant for the same offense when an appellate court affirms the suppression order. See N.Y.Crim.Proc.Law § 450.50(2) (McKinney 1983). See also *Forte v. Supreme Court of State of N.Y.,* 48 N.Y.2d 179, 422 N.Y.S.2d 26, 397 N.E.2d 717 (1979). Frank suggests it would not be unreasonable to require the State to concede that should the suppression order be affirmed the State will dismiss the prosecution. Although the North Dakota Legislature has not explicitly barred further prosecution, we believe that the State must nevertheless in good faith evaluate its case before it appeals from a suppression order.

by her driving against traffic on an Interstate. In permitting the appeal, we found that the State's need for the suppressed evidence was consistent with the record and was based on reason and logic. We emphasize, however, that the suppression of test results alone does not automatically establish a ground for appeal within the meaning of Section 29–28–07(5) because the State, without the admission of test results, can establish that a defendant was driving while intoxicated. See, e.g., *State v. Glavkee,* 138 N.W.2d 663 (N.D.1965).

█ In the present case the statement required by Section 29–28–07(5) provides that the suppression order effectively destroyed the State's case because the only evidence remaining is that of witnesses who observed Frank in the emergency treatment room. Officer Olson testified that he did not discover any alcohol in Frank's car and that he lacked the opportunity to observe the defendant immediately after the accident. We have said that when the prosecutor's determination of the need for suppressed evidence is challenged and the disagreement is not capable of easy resolution, we will not second-guess the prosecutor by dismissing the State's appeal. See, e.g., *State v. Anderson, supra.* Under the circumstances of this case, we conclude that the State has marginally established its ground for appeal.

## II

The State argues that the trial court erred in determining that Frank did not voluntarily consent to the blood-alcohol test. Although it conceded that Frank was not arrested prior to the administering of the test, the State maintains that when Frank allowed the nurse to take a blood sample he consented to the test for legal purposes.

█ A search without a valid search warrant is unreasonable unless the State shows that the search comes within an exception to the general rule of exclusion. *State v. Johnson,* 301 N.W.2d 625 (N.D. 1981). When a defendant claims that the State violated the Fourth Amendment, the State bears the burden of proving that the motion to suppress should not be granted. *State v. Matthews,* 216 N.W.2d 90 (N.D. 1974). One recognized exception to the search-warrant requirement is consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Consent is valid when it is voluntary, free from explicit or covert coercion. See *State v. Discoe,* 334 N.W.2d 466 (N.D.1983); *State v. Abrahamson,* 328 N.W.2d 213 (N.D. 1982); *State v. Page,* 277 N.W.2d 112 (N.D. 1979). In *Schneckloth v. Bustamonte,* 412 U.S. at 227, 93 S.Ct. at 2047–2048, 36 L.Ed.2d at 862–863, the United States Supreme Court stated, "[T]he question whether a consent search was in fact 'voluntary' ... is a question of fact to be determined from the totality of all the circumstances." The surrounding circumstances include a person's subjective state and intimidation by officers [*State v. Metzner,* 244 N.W.2d 215 (N.D.1976)], but no single factor is dispositive. See *State v. Discoe, supra.*

█ On appeal we show great deference to the lower courts' decisions by reversing them only if they are contrary to the manifest weight of evidence. *State v. Anderson, supra.* A decision is contrary to the manifest weight of evidence when there is insufficient "competent evidence fairly capable of supporting the trial court's determination." *State v. Discoe,* 334 N.W.2d at 468. This standard of review allows us to recognize the trial court's opportunity to ascertain the credibility of the witnesses.

In the present case the county court found several factors to be significant: Officer Metheny told, rather than asked, Frank to submit to the blood-alcohol test, and he also failed to tell Frank that he had the right to refuse the test; Frank did not respond to the officer's command; and during the entire procedure Frank, although conscious, had a severe headache and was on an operating table, with a surgical cloth draped over his face with only the wound exposed. In his affidavit Frank asserts

that Officer Metheny did not ask him to consent to the test.

 The county court did not clearly articulate whether consent was invalid because it was coerced by Officer Metheny or because Frank was physically unable to communicate clearly. Although the county court found that Frank's compliance with the nurse's request did not constitute consent to the officer's statement, we might assume that generally when people agree to permit a nurse to take a blood sample in the presence of an officer who has just informed them that they will be charged, they know that the sample is for legal, not medical, purposes. Yet, considering the standard of review and the State's burden to prove that the test results should not be suppressed, we affirm the county court's order, even though if we were the fact-finder we might have evaluated differently the various factors.

 The State also argues that even if Frank did not consent, a warrantless search is justified when exigent circumstances are present or when an arrest is substantially contemporaneous with a prior search that is based on probable cause. At the trial the State agreed with the county court that the only issue was whether or not Frank consented to the blood-alcohol test. Therefore, the issues of exigency and a subsequent arrest are not properly before this court. See, e.g., *State v. Klose,* 334 N.W.2d 647 (N.D.1983); *State v. Hartsoch,* 329 N.W.2d 367 (N.D.1983); *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73 (N.D.1981). However, if we were to consider these issues, we believe that *State v. Anderson, supra,* and *State v. Abrahamson, supra,* are controlling.

The amended order suppressing the blood-alcohol test is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.