**The STATE of North Dakota, Plaintiff and Appellant,**

v.

**James GAWRYLUK, Defendant and Appellee.**

**Crim. No. 994.**

Supreme Court of North Dakota.

June 28, 1984.

GIERKE, Justice.

This is an appeal by the State from an order entered in the Billings County Court granting the defendant's motion to suppress evidence of the result of a breathalyzer test. We dismiss the appeal.

The appellee, James Gawryluk, was charged with the offense of driving while under the influence of intoxicating liquor, in violation of § 39–08–01, of the North Dakota Century Code.[1] Prior to trial, Gawryluk filed a motion to suppress evidence of the result of a breathalyzer test on the following grounds:

"1. That the North Dakota State Highway Department form entitled, "Request and Notice", under Chapter 39–20, NDCC, fails to adequately advise the Defendant that he has the absolute right to have another specimen taken.

"2. The state has failed to preserve the breathalyzer ampoules; therefore, an independent test cannot be taken.

"3. That all of the above processes served to deprive the Defendant of due process of law under both United States and North Dakota Constitutions.

"4. That James Gawryluk was not advised of his opportunity to have an independent test taken and, consequently, was denied his right of equal protection and due process under the law. *Brady v. Maryland*, 83 S.Ct. 1194."

Gawryluk filed a brief in support of his motion and an accompanying affidavit. The State filed its brief in opposition to Gawryluk's motion to suppress. The County Court then took the matter under advisement, pursuant to Rule 3.2, NDROC. In its memorandum opinion dated January 4, 1984, the County Court made the following conclusions of law:

"1. That the Defendant has been denied an effective and meaningful due process confrontation by the failure of the Defendant to be advised of his right

Jay V. Brovold, State's Atty., Medora, for plaintiff and appellant.

Ronald A. Reichert [argued] of Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellee.

1. Driving under the influence of intoxicating liquor is a violation of § 39–08–01(1)(b), N.D. C.C.

to have an independent blood alcohol test taken should he so desire.

"2. That the inconsitent [*sic*] application of [Chapter] 39–20 unfairly prejudices the right of a Defendant to effectively defend himself in a trial of this nature and denies the Defendant Due Process of Law."

The State has brought this appeal pursuant to § 29–28–07(5), N.D.C.C., which provides that the State may appeal from an order suppressing evidence:

"5. ... when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the [suppressed evidence] ... has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed...."

In this case, the statement required by § 29–28–07(5), N.D.C.C., to be filed by the prosecuting attorney states, in pertinent part, as follows:

"Pursuant to N.D.C.C. § 29–28–07(5), the Billings County State's Attorney asserts that the Order of the Billings County Court dated January 10, 198<u>3</u> (sic), granting the Defendant's motion to Suppress the results of a Breathalyzer test administered to the Defendant on September 11, 1983, has rendered the proof available to the State, with respect to the criminal charge of Driving While Under the Influence of Alcohol, so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed.

"The results of the Breathalyzer test are the only objective evidence available to the State upon which a conviction could be based; the other evidence available to the State, if any, with respect to such charge, is entirely subjective in nature and, in the opinion and within the discretion of this Prosecutor, would not support a conviction of Driving While Under the Influence of Alcohol as a matter of law."

The right of appeal in North Dakota is statutory and is a jurisdictional matter which we may consider sua sponte. *State v. Lawson,* 321 N.W.2d 514 (N.D.1982); *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73 (N.D.1981). The State has only such right of appeal in a criminal action as is conferred by law. *State v. Fields,* 294 N.W.2d 404 (N.D.1980); *State v. McEnroe,* 69 N.D. 445, 287 N.W. 817 (1939). One attempting an appeal must show his right thereto. *City of Bismarck v. Walker,* 308 N.W.2d 359 (N.D.1981).

 Section 29–28–07(5), N.D.C.C., requires a prosecuting attorney to establish his right to appeal by explaining how the granting of a motion to suppress has rendered evidence insufficient as a matter of law or how the State's case has been effectively destroyed. The explanation may be contained in the statement filed pursuant to § 29–28–07(5), N.D.C.C., or in the State's brief filed for the purposes of an appeal. *State v. Dilger,* 322 N.W.2d 461, 463 (N.D. 1982). It need not be based on the record, but may include other evidence in order to establish that further prosecution without the suppressed evidence would be futile, not just somewhat more difficult. *State v. Frank,* 350 N.W.2d 596, 598 (N.D.1984). A review of the prosecutor's statement is to be guided by "the utmost deference for the prosecutor's judgment in evaluating the remaining proof". *State v. Dilger, supra* 322 N.W.2d at 463. We will not dismiss the State's appeal unless the prosecution's determination of the need for suppressed evidence is clearly inconsistent with the record or is without foundation in reason or logic. *State v. Frank,* supra 350 N.W.2d at 598; *State v. Dilger, supra* 322 N.W.2d at 463. To state that we will defer to the prosecutor's judgment is not, however, the same as saying that the prosecutor need offer no support for his conclusion. A statement that merely paraphrases the language of the statute is clearly inadequate. *State v. Frank, supra.* In *State v. Dilger, supra* 322 N.W.2d at 464,

we quoted from the opinion of the Minnesota Supreme Court in *State v. Kinn,* 288 Minn. 31, 178 N.W.2d 888, 890 (1970), describing the showing the prosecution must make in order to obtain appellate review:

"... [The prosecution's showing] must have sufficient substance to indicate that the trial court's adverse order has effectively prevented the chance of a successful prosecution because there is a lack of evidence, other than that suppressed, which would permit a successful prosecution."

*See also State v. Hicks,* 301 Minn. 350, 222 N.W.2d 345 (1974).

 In this case the prosecutor's showing is clearly inadequate. He merely asserts that the evidence, in the absence of the chemical test results, is insufficient; purportedly because it is "subjective". That will be true in any prosecution for driving under the influence of alcohol. The suppression of chemical test results does not, however, automatically establish a ground for appeal because the offense of driving while intoxicated may be established without such evidence. *State v. Frank, supra.* Although chemical test results may well be critical to the prosecution in a great many cases, without knowledge of the evidence available to the prosecution we are unable to determine if this may be such a case.

Because we have concluded that the prosecution's statement is insufficient to establish this court's jurisdiction and consequently the appeal must be dismissed, we will not discuss the merits. Any such discussion would be purely advisory.

For the reasons stated in this opinion, the appeal is dismissed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.