**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Fern E. ANDERSON, Defendant and Appellant.**

**Cr. No. 971.**

Supreme Court of North Dakota.

July 27, 1984.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee; argued by James F. Twomey, Asst. State's Atty., Fargo.

Pancratz, Yuill, Wold, Johnson & Feder, Fargo, for defendant and appellant; argued by William D. Yuill, Fargo.

ERICKSTAD, Chief Justice.

Fern E. Anderson appeals from a judgment of conviction entered by the district court, Cass County, on November 16, 1983, upon a jury verdict finding her guilty of a violation of Section 12.1–16–02(1), N.D.C.C., manslaughter, a class B felony. We affirm.

In a criminal complaint dated June 4, 1982, Anderson was charged with committing the offense of manslaughter in that she recklessly caused the death of James T. Johnson by driving west in the eastbound lane of Interstate 94 and colliding with an automobile driven by Johnson. Prior to trial the district court granted Anderson's motion to suppress the results of chemical analysis performed on blood and urine samples obtained from Anderson after the collision. The State appealed to this Court from the district court's order suppressing the test results pursuant to Section 29–28–07(5), N.D.C.C., which reads:

"*From what the state may appeal.* An appeal may be taken by the state from:

\*    \*    \*    \*    \*    \*

"5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the prop-

erty ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) *so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed.* The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal." [Emphasis added.]

The State filed the statement required by Section 29–28–07(5), asserting that the district court's order suppressing the results of the chemical analysis of the blood and urine samples "rendered the proof available to the State with respect to the pending criminal charge of manslaughter so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed." This Court held that the State's explanation of the reasons for this statement established an adequate basis under Section 29–28–07(5) for the appeal. *State v. Anderson*, 336 N.W.2d 634, 638 (N.D.1983). Nevertheless, we affirmed the district court's order, concluding that (1) Anderson was not under arrest when the chemical tests were administered, (2) Anderson did not voluntarily consent to give blood and urine samples, and (3) the United States Supreme Court's decision in *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), was inapplicable to the case because Anderson was not placed under arrest before the blood and urine samples were taken as was the case in *Schmerber*. *Id.* at 638–40.

Following the issuance of the mandate of this Court, Anderson filed with the district court a motion to dismiss the charge of manslaughter on grounds the State had conceded that the district court's suppression order had effectively destroyed any possibility of prosecuting that charge to a conviction and that further prosecution would constitute an abuse of prosecutorial discretion. At the hearing on Anderson's motion to dismiss the charge, in response to the argument advanced by Anderson's counsel that once the State has filed the statement required by Section 29–28–07(5), N.D.C.C., the State should thereafter be prohibited from prosecuting the case if the appeal from the order suppressing evidence is unsuccessful, the court denied the motion. In so doing, the court said:

"So I don't see where the Court can grant the motion. I think there is moral merit to the motion. I don't think there's legal merit to it at this time.

"I agree with the Defendant morally. There's nothing I can do legally. So the Defense motion is in all things denied and the Court so orders it."

Trial was had commencing on September 12, 1983. The jury was instructed by the court regarding the essential elements of both manslaughter and negligent homicide. Anderson was found guilty of manslaughter as charged in the criminal complaint.

The issue raised by Anderson on appeal is:

May the State continue to prosecute a defendant for the offense charged in the criminal complaint after this Court affirms a district court's order suppressing evidence from which the State appealed pursuant to Section 29–28–07(5), N.D.C.C.?

Anderson contends the State "cannot have it both ways" by continuing to prosecute on the charge of manslaughter after asserting before this Court that the deprivation of the evidence suppressed rendered the proof available to the State with respect to the charge of manslaughter so weak in its entirety that any possibility of prosecuting such charge to a conviction had been effectively destroyed. Furthermore, Anderson contends that Section 29–28–07(5) imposes substantive limitations upon the State which required that it abide by the assertion made in the statement of the prosecuting attorney and dismiss the charge of manslaughter. The State's failure to dismiss the charge, Anderson argues, requires that we reverse her conviction. Anderson

qualifies her argument by stating in her brief that the State is free under Section 29–28–07(5) to bring any other charge for which the evidence suppressed was not necessary for a conviction, and by conceding during oral argument that a different rule would apply if this Court had dismissed the State's appeal.

According to the State, when the prosecutor believes that the judge has erred, that the evidence suppressed is critical to the proof in the case, and the deprivation of evidence may affect the outcome of the trial, an appeal may be taken from an order suppressing evidence without the threat of a mandatory dismissal if the appeal is unsuccessful.

In *State v. Dilger*, 322 N.W.2d 461, 463 (N.D.1982), we held that in addition to the statement prescribed by Section 29–28–07(5), N.D.C.C., that the State be required to explain why the court's order suppressing evidence rendered the available proof insufficient as a matter of law or effectively destroyed any possibility of prosecuting the criminal charge to a conviction. By predicating the right of the State to appeal upon a favorable review by this Court of the State's explanation, we have imposed upon this Court a heavy burden [*see People v. Young*, 82 Ill.2d 234, 45 Ill.Dec. 150, 154, 412 N.E.2d 501, 505 (1980)]; however, our purpose is to compel prosecuting attorneys to evaluate carefully the actual effect of the suppression order to ensure that the legislative intent in prescribing a limited right to appeal is carried out. *State v. Dilger, supra; State v. Kisse*, 351 N.W.2d 97, 99 (N.D.1984). In *State v. Anderson, supra*, 336 N.W.2d at 637, the State asserted that "it is essential to show that Anderson was intoxicated when the accident occurred because Anderson is an older woman with an apparent history of unusual behavior which *may* evoke jury sympathy and make it *difficult* to prove she acted recklessly." [Emphasis added.] The State further argued that it would be extremely difficult to prove Anderson was intoxicated without the results of the analysis of the blood and urine samples. Not able to say that the prosecutor's determination of the

need for the blood and urine test results was insupportable, we held that the State had established its grounds for appeal.

Since our decision in *Anderson, supra*, we have articulated a standard of review in appeals from suppression orders which reconciles the two important interests involved in these cases: (1) the prosecuting attorney's discretion in evaluating the actual effect of the suppression order, and (2) the Legislature's decision to grant only a limited right of appeal from suppression orders. *State v. Kisse, supra*, 351 N.W.2d at 100.

"[W]e ... evaluate the circumstances of each case to decide whether or not the absence of the suppressed evidence will *most likely* determine the outcome of the trial." *Kisse, supra*, 351 N.W.2d at 101. [Emphasis added.]

In applying our standard of review to the facts in *Kisse*, we recognized that it is the State's burden to establish that further prosecution without the suppressed evidence would be futile and not merely more difficult. *Id.* at 101. *See also State v. Frank*, 350 N.W.2d 596, 598 (N.D.1984).

Because it is often difficult for this Court, in advance of trial, to determine the effect of the suppression of illegally obtained evidence upon the State's case, it is essential that we accord some measure of deference to the prosecutor's good-faith evaluation of the effect of the exclusion of such evidence in cases not capable of easy resolution. Prior decisions of this Court illustrate that in determining the appealability of a suppression order we have placed substantial reliance upon a good-faith evaluation by the prosecutor:

"[O]ur review of the prosecutor's statement and explanation must be guided by the utmost deference for the prosecutor's judgment in evaluating the remaining proof." *Dilger, supra*, 322 N.W.2d at 463. *Accord State v. Gawryluk*, 351 N.W.2d 94, 96 (N.D.1984).

"The prosecuting attorney is in a better position than either his opponent or this Court to evaluate the State's chances of

succeeding at trial with the available evidence." *Dilger, supra.*

"When the prosecutor's determination of the need for suppressed evidence is challenged and is not capable of easy resolution, we will not second-guess the prosecutor by dismissing the State's appeal." *Anderson, supra,* 336 N.W.2d at 638. *Accord State v. Frank, supra,* 350 N.W.2d at 599.

"We are reluctant to dismiss the State's appeal unless the prosecution's determination of the need for the suppressed evidence is clearly inconsistent with the record or is without foundation in reason or logic." *Dilger, supra. Accord State v. Discoe,* 334 N.W.2d 466, 467 n. 1 (N.D. 1983); *Anderson, supra; State v. Gawryluk, supra; Kisse, supra,* 351 N.W.2d at 100.

In *State v. Frank, supra,* 350 N.W.2d at 598 n. 1, we recognized and discussed briefly the issue raised by Anderson in this appeal:

"New York has a statute similar to Section 29–28–07(5), N.D.C.C. See N.Y. Crim.Proc.Law § 450.50(1) (McKinney 1983). To ensure that the State acts in good faith when it asserts in its statement that the suppression order has rendered evidence legally insufficient or has effectively destroyed its case, the New York Legislature enacted a statute which provides that, absent extraordinary circumstances, the State may not continue to prosecute a defendant for the same offense when an appellate court affirms the suppression order. See N.Y.Crim. Proc.Law § 450.50(2) (McKinney 1983). See also *Forte v. Supreme Court of State of N.Y.,* 48 N.Y.2d 179, 422 N.Y. S.2d 26, 397 N.E.2d 717 (1979). *Frank suggests it would not be unreasonable to require the State to concede that should the suppression order be affirmed the State will dismiss the prosecution. Although the North Dakota Legislature has not explicitly barred further prosecution, we believe that the State must nevertheless in good faith evaluate its case before it appeals from*

*a suppression order."* [Emphasis added.]

Our research of the legislative history of Section 29–28–07(5) also reveals some discussion of this issue. The minutes of the Senate Judiciary Committee which considered House Bill 1223 indicate that Senator Herschel Lashkowitz desired certain amendments to the bill. In conjunction therewith he expressed the view that a defendant "should be released ... if the order suppressing [evidence] is confirmed by the supreme court." Minutes of Senate Judiciary Committee on House Bill 1223, March 15, 1977. The minutes contain a statement apparently submitted by Senator Lashkowitz at the time he offered the amendments which is denominated a "dialogue between Professor Melvin B. Lewis of John Marshall School of Law, Chicago, Illinois, and Herschel Lashkowitz, regarding House Bill 1223":

"[A]fter having appealed unsuccessfully, the prosecutor is then able under the statute as read to me to turn around, quite literally turn his back on his previous concessions, and say all right, now I want to prosecute in the event that the suppression [order] is ... affirmed. He could say 'Now I want to prosecute on the very evidence which, as a condition of my entitlement to have taken my unsuccessful appeal, I said would not be sufficient to generate a finding of guilt beyond a reasonable doubt.' It would seem to me that no prosecutor could have any legitimate reason to ask for both of those rights. It would seem to me that any self-respecting prosecutor, having certified that there is not enough evidence remaining to constitute guilt [beyond a] reasonable doubt could not conscientiously ask that he be permitted then to proceed on the very evidence which he said would be an inadequate predicate for prosecution. Accordingly, quite minimally, any bill of the type contemplated here should provide that if the suppression order is confirmed, the prosecution should be discontinued and the defendant discharged."

Thus, Senator Lashkowitz's oral statement and his written statement expressed the view that the bill should provide that in the event this Court affirmed an order suppressing evidence, the prosecution should be discontinued. However, proposed amendments to House Bill 1223 prepared by the Legislative Council staff for Senator Lashkowitz and submitted to the committee did not espouse this view. The proposed amendments read in part:

"If upon appeal the supreme court finds the order to be clearly erroneous and the order is *not* confirmed, the defendant shall be immediately released and the prosecution shall be discontinued." [Emphasis added.]

Senator Howard Freed said he "opposed the amendments because he could see many flaws in such, and also believed this to be a proper bill." A motion to adopt the proposed amendments failed.

In our view Section 29–28–07(5) does not require that we reverse Anderson's conviction for manslaughter. The statute does not require that the State dismiss the pending charge or otherwise discontinue further prosecution in the event this Court affirms the order suppressing evidence. The right of the State to appeal is purely statutory [*Gawryluk, supra,* 351 N.W.2d at 94.]; therefore, we believe that this is a matter best left to our Legislature.

We recognize that a prosecuting attorney, in light of the nature of our adversarial process, may attach to a suppression order a degree of significance which a less involved evaluator would not accord it. We will continue to require that the State in good faith evaluate its case before it appeals from a suppression order and, as in the past, we will dismiss those appeals which we believe do not measure up to the statutory standard. *See Kisse, supra; Gawryluk, supra; Dilger, supra.*

The judgment is affirmed.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.