**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Eugene Louis ALLERY, Defendant and Appellee.**

Cr. Nos. 1056, 1057.

Supreme Court of North Dakota.

July 11, 1985.

Lee A. Christofferson, State's Attorney, Rolla, for plaintiff and appellant State.

Swain Benson, Bottineau, for defendant and appellee.

VANDE WALLE, Justice.

The State appealed from an order of the district court, Rolette County, suppressing the results of a blood-alcohol test administered to Eugene Louis Allery, who was charged with driving while under the influence of alcohol and with negligent homicide. We reverse.

On March 26, 1984, Eugene Allery and a passenger were involved in a one-car accident on Highway No. 5 west of Belcourt, North Dakota. The vehicle Allery was

---

driving left the highway, rolled over, and came to rest on its side with Allery trapped inside. The passenger was thrown from the vehicle and subsequently died as a result of his injuries. There were no known witnesses to the accident.

Highway Patrolman Bradford Berce arrived at the accident scene at 8:50 p.m. Rescue crews were summoned in order to extract Allery from the wreck. The rescue crew completed extraction approximately one hour after Patrolman Berce arrived at the scene.

Patrolman Berce did not conduct an investigative interview with Allery because of the complicated nature of the extraction process and because of concern over Allery's injuries. Patrolman Berce did, however, learn Allery's name and the direction of travel.

After Allery was released from the vehicle, he offered information that he had been at the Garden Top bar in Dunseith and had consumed four beers. Allery stated that he had been driving because the passenger, who owned the vehicle, was drunk.

Patrolman Berce was unable to conduct any field sobriety tests at the accident scene but he made a number of observations about Allery's physical condition: Allery's breath smelled of alcohol; his eyes were bloodshot; and his speech was slurred. Patrolman Berce's search of the accident scene failed to uncover any alcoholic beverage containers.

Allery was transported to the Belcourt hospital by ambulance. After arriving at the hospital, Patrolman Berce placed Allery under arrest and charged him with driving while under the influence of alcohol (hereinafter D.U.I.). A blood-alcohol test was administered to Allery at approximately 11 p.m. by hospital personnel. The test resulted in a 0.19 percent blood-alcohol reading. The State subsequently filed an information charging Allery with D.U.I. in violation of Section 39–08–01(1)(a) and (b), N.D.C.C.

On April 5, 1984, the State issued a criminal complaint charging Allery with negligent homicide. Allery entered a not-guilty plea to the negligent-homicide charge as well as to the D.U.I. charge. In accordance with Section 39–08–01.2, N.D.C.C., the district court ordered the D.U.I. charge and the negligent-homicide charge consolidated for trial.

Allery subsequently filed a motion with the district court to suppress the blood-test result. At the suppression hearing, the parties stipulated that the blood sample had been taken more than two hours after Allery had driven the vehicle. The district court granted Allery's motion to suppress because the test was not performed within two hours as required by Section 39–08–01(1)(a). The district court, in ordering suppression of the blood-test result, stated that the blood test "is hereby suppressed in any and all things as evidence in this matter."

Subsequent to the suppression order the State filed a notice of appeal and "statement of the prosecuting attorney" as required by Section 29–28–07(5), N.D.C.C.

Before we reach the issues raised by the State on appeal, we consider Allery's contention that the State's appeal from the trial court's order suppressing the result of the blood test should be dismissed.

The State brought this appeal pursuant to Section 29–28–07(5), N.D.C.C., which requires the prosecuting attorney to file a statement asserting that the suppression order has rendered the evidence in the case insufficient as a matter of law or has effectively destroyed any possibility of prosecuting the defendant. We held in *State v. Dilger*, 322 N.W.2d 461, 463 (N.D.1982), that when the State takes an appeal pursuant to Section 29–28–07(5), "the prosecuting attorney should, in addition to the statement prescribed by § 29–28–07(5), provide this court with an explanation, not inconsistent with the record, stating the reasons why the trial court's order has effectively destroyed any possibility of prosecuting the criminal charge to a conviction." We stated in *Dilger*, at 463, "The prosecuting attorney's explanation should be included either with the statement filed

pursuant to § 29–28–07(5), N.D.C.C., or in the State's brief filed for the purposes of the appeal."

■ When the State appeals from a suppression order, it has the burden to establish that further prosecution without the suppressed evidence would be futile and not merely more difficult. See *State v. Rambousek*, 358 N.W.2d 223 (N.D.1984); *State v. Kisse*, 351 N.W.2d 97 (N.D.1984).

Our standard of review in appeals from suppression orders reconciles two important interests: (1) the prosecuting attorney's discretion in evaluating the actual effect of the suppression order, and (2) the Legislature's decision to grant only a limited right of appeal from suppression orders. See *State v. Kisse, supra.*[1]

In *State v. Dilger, supra,* 322 N.W.2d at 463, we explained that our review provides the utmost deference for the prosecutor's judgment in evaluating the need for the suppressed evidence:

"... [O]ur review of the prosecutor's statement and explanation must be guided by the utmost deference for the prosecutor's judgment in evaluating the remaining proof. The prosecuting attorney is in a better position than either his opponent or this Court to evaluate the State's chances of succeeding at trial with the available evidence. Our chief concern is that the prosecutor discharge his statutory obligation of determining whether or not the suppressed evidence is critical to the State's case. We are reluctant to dismiss the State's appeal unless the prosecution's determination of the need for the suppressed evidence is clearly inconsistent with the record or is without foundation in reason or logic."

■ In this case the statement required by Section 29–28–07(5) indicates that the suppression order makes it impossible for the State to obtain a conviction on either of the charges.[2] The State does have the testimony of Officer Berce that Allery

1. The 1985 Legislature amended Section 29–28–07(5), N.D.C.C., and thereby liberalized the right of the State to appeal in criminal prosecutions. The amended version of subsection 5 of Section 29–28–07, effective July 1, 1985, provides that an appeal may be taken by the State from:

"5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal."

2. The prosecutor's statement reads:

"AFFIDAVIT OF PROSECUTING ATTORNEY
"... the evidence suppressed by the Court ... has rendered the proof available to the State with respect to the two criminal charges filed ... so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed and, in fact, has determined the outcome of the prosecution, and in further support of such belief, does offer the following information:
"1. That the Defendant's charges of Driving Under the Influence and Negligent Homicide, arising from the same occurrence, have been consolidated for trial pursuant to Sec-

tion 39–08–01.2 of the North Dakota Century Code, so that the suppression order affects the prosecution on both charges.
"2. That the State has no officer observation of the Defendant's driving behavior and the one car accident since the only passenger in the Defendant's vehicle died as a result of said accident.
"3. [That] the Defendant was entrapped in the vehicle after the accident such that the investigating officer was unable to administer field sobriety tests in regards to intoxication and further that Defendant sustained injuries from the said accident, thus giving rise to more than one reasonable explanation for the officer's observation of bloodshot eyes and slurred speech.
"4. That the only remaining evidence of intoxication is the officer's testimony concerning the accident investigation, his short inquiries of the Defendant, and the Defendant's responses during the extraction process, such evidence being insufficient to show intoxication beyond a reasonable doubt in this case.
"5. That without the suppressed evidence of blood test results, the State is thwarted in its efforts to prove Defendant's negligent conduct, i.e. gross deviation from acceptable standards of conduct, which is a necessary element of the negligent homicide charge.
"6. That further prosecution without the suppressed evidence would be futile, not just more difficult, as indicated by these foregoing reasons."

smelled of alcohol, slurred his speech, and had bloodshot eyes, and the admission of Allery that he drank four beers. However, the State argues that because it lacks any evidence of field sobriety or "alert" type tests, alcoholic-beverage containers from Allery's vehicle, or observation of the accident and Allery's driving prior to the accident, suppression of the blood-alcohol test result in effect makes further prosecution futile. The State further argues that because Allery was severely hurt in the accident, the evidence of Allery's bloodshot eyes and slurred speech could be explained by defense counsel to be a result of the accident and the injuries rather than from Allery's consumption of alcohol. This court has stated that "... when the prosecutor's determination of the need for suppressed evidence is challenged and the disagreement is not capable of easy resolution, we will not second-guess the prosecutor by dismissing the State's appeal." *State v. Frank*, 350 N.W.2d 596, 599 (N.D. 1984). See also *State v. Anderson*, 336 N.W.2d 634 (N.D.1983); *State v. Dilger*, *supra*.

We hold that under the circumstances of this case the State has marginally established an adequate basis under Section 29–28–07(5) for its appeal and we now turn our attention to the merits of this appeal.

The State argues that the trial court erred in suppressing the blood-test result when, even though the test was taken more than two hours after the defendant's driving, subsection b of Section 39–08–01(1), N.D.C.C., would allow such test to be admissible as relevant evidence of intoxication.

We recently had the opportunity in *State v. Kimball*, 361 N.W.2d 601 (N.D.1985), to consider the identical issue presented in this case. We agreed therein with the position taken by the State in this appeal. See also *State v. Vetsch*, 368 N.W.2d 547 (N.D. 1985). Although we are urged to overrule *Kimball*, we decline to do so.

The order suppressing the result of the blood-alcohol test administered to Allery is reversed and the matter is remanded to the district court for trial.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.