STATE of North Dakota, Plaintiff and Appellant,

v.

Michael SCHINDELE, Defendant and Appellee.

Cr. No. 950199.

Supreme Court of North Dakota.

Nov. 30, 1995.

David D. Hagler, Assistant Attorney General, Bismarck, for plaintiff and appellant.

Ralph F. Carter of Moosbrugger, Dvorak & Carter, Grand Forks, for defendant and appellee.

LEVINE, Justice.

This is an appeal by the State from a district court order suppressing evidence. We dismiss the appeal because the suppressed evidence is not "substantial proof of a fact material in the proceeding" as required by section 29–28–07, NDCC.

On the night of October 6, 1994, Nelson County Deputy Sheriff Brad Harrington went to the Tolna home of Debra Schindele and Michael Schindele after getting a call from Debra. When Harrington arrived, Debra told him Michael had been drinking, that he had hit her in the chest and neck, and that he had threatened to kill her. Harrington observed a red mark the size of a fist on Debra's neck. Debra told Harrington that Michael was in bed with their two-year-old daughter, and that she was afraid Michael would roll over on her in his sleep because he was intoxicated.

Harrington went into the bedroom and asked Michael to come outside. Harrington observed Michael stumbling and noted that he smelled of alcohol. Harrington concluded that Michael was intoxicated and "for the safety of everybody concerned" decided to take him to Devils Lake for detoxification.[1] Harrington admitted Michael to the Lake Region Correction Facility for a twenty-four-hour detoxification period.

Harrington did not tell any member of Michael's family, other than Debra, that Michael was being held for detoxification. On the morning of October 7, 1994, Michael's father learned that Michael was being held and offered to take custody of him. Harrington refused to have Michael released. The Nelson County State's Attorney issued a criminal complaint, charging Michael with simple assault under section 12.1–17–01(1)(a), NDCC, while Michael was being held. Michael was released from the correction facility at the end of the twenty-four-hour detoxification period.

Michael moved to have the charges against him dismissed, arguing that the twenty-four-hour detention was unlawful under section 5–01–05.1, NDCC, which provides guidelines for the confinement of intoxicated persons. The district court agreed that Michael was confined illegally, but determined that dismissal was not an appropriate remedy. Instead, the district court ordered the suppres-

---

1. Harrington stated in his deposition that he knew, when he took Michael to Devils Lake for detoxification, that charges would be brought against Michael based on the events of the evening. Despite this knowledge, Harrington did not arrest Michael. Yet, section 14–07.1–10, NDCC, clearly directs a law enforcement officer who has probable cause to believe that a person has committed a crime involving domestic vio-

lence to "presume that arresting the person is the appropriate response." The offense need not take place in the presence of the officer, and the officer may make the arrest without a warrant. NDCC § 14–07.1–11(2). The law enforcement officer "may not be held criminally or civilly liable" for making such an arrest "if the officer acts in good faith on probable cause and without malice." NDCC § 14–07.1–11(3).

sion of evidence concerning Michael's drinking, intoxication, and incarceration.

The State asked the district court to clarify its order. The court issued an order of clarification, stating that its suppression order barred any testimony from anyone about Michael's twenty-four-hour confinement and any testimony from Harrington about Michael's "state of sobriety." The State then appealed the district court's suppression order.

■ The right to appeal is a jurisdictional matter, and we will dismiss an appeal sua sponte if it fails for lack of jurisdiction. *City of Fargo v. Casper*, 512 N.W.2d 668 (N.D. 1994). The state's right to appeal in a criminal action is limited by statute. NDCC § 29–28–07; *State v. Counts*, 472 N.W.2d 756 (N.D.1991). The state may appeal an order suppressing evidence if the appeal is "accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." NDCC § 29–28–07(5).

■ The prosecutor's statement required by section 29–28–07(5), NDCC, must have substance: it cannot be a mere paraphrase of the statutory language. *State v. Frank*, 350 N.W.2d 596 (N.D.1984). The state's right to appeal hinges on a favorable review of the prosecutor's statement by this court. *State v. Anderson*, 353 N.W.2d 324 (N.D.1984). We require prosecutors to support their appeals with an explanation and subject the explanation to review to "compel prosecuting attorneys to evaluate carefully the actual effect of the suppression order to ensure that the legislative intent in prescribing a limited right to appeal is carried out." *State v. Rambousek*, 358 N.W.2d 223, 226 (N.D.1984); *see State v. Allery*, 371 N.W.2d 133 (N.D.1985); *State v. Dilger*, 322 N.W.2d 461 (N.D.1982).

■ Our review of the prosecutor's statement is guided by "the utmost deference for the prosecutor's judgment." *Dilger*, 322 N.W.2d at 463. This is because the prosecutor is in the best position to evaluate the available evidence and the status of the state's case. *Id.* We therefore will not dismiss an appeal by the state unless the prosecutor's conclusion as to the importance of the suppressed evidence "is clearly inconsistent with the record or is without foundation in reason or logic." *Id.* Our deference to the prosecutor, however, is not unbounded: "[t]o state that we will defer to the prosecutor's judgment is not, however, the same as saying the prosecutor need offer no support for his conclusion." *State v. Gawryluk*, 351 N.W.2d 94, 96 (N.D.1984).

The language in section 29–28–07(5), NDCC, requiring the prosecutor to assert that the suppressed evidence is "a substantial proof of a fact material in the proceeding" was added to the statute in 1985. 1985 N.D.Laws ch. 363 § 1. It replaced language requiring the prosecutor to assert that, without the suppressed evidence, the state's case was "(1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed." *Id.* With the revision of this section, the legislature liberalized the state's right to appeal. *Allery*, 371 N.W.2d at 135 n. 1. We construed the new language in section 29–28–07(5), NDCC, for the first time in *State v. Murray*, 510 N.W.2d 107 (N.D.1994). We stated that the statute imposed a burden on the state to show that the suppressed evidence is actually "substantial proof of a fact material in the proceeding." *Id.* at 109. We held the suppressed evidence in *Murray*, the defendant's confession, to be clearly "substantial proof of a fact material" and we therefore found that the State had met the requirements of the statute. *Id.*

In the case before us, the suppressed evidence has a probative value substantially lower than a defendant's confession. The State does not question the trial court's suppression of evidence relating to Michael's confinement. It argues, however, that Harrington should be allowed to testify about Michael's state of sobriety. The prosecutor states that proof of Michael's state of sobriety is "substantial proof of a fact material in the proceeding" because "[t]he fact that the defendant was intoxicated is directly relevant to the dispute between the parties and to the

conduct of the defendant on the date in question leading to the charge of simple assault." We must construe the language of section 29–28–07(5) to decide whether this evidence meets the statutory threshold and whether the prosecutor's conclusion as to the significance of the evidence is "without foundation in reason or logic."

When we construe statutes, our primary goal is to determine the intent of the legislature. *State v. Pippin,* 496 N.W.2d 50 (N.D.1993). To find legislative intent, we look first to the language of the statute itself and its "plain, ordinary, and commonly understood meaning." *State v. Thill,* 468 N.W.2d 643, 646 (N.D.1991). Section 29–28–07(5) requires the state to show that the suppressed evidence is "substantial proof of a fact material in the proceeding." "Proof" is "[a]ny fact or circumstance which leads the mind to the affirmative or negative of any proposition." Black's Law Dictionary 1215 (6th Ed.1990); *see also Wenstrom v. Aetna Life Ins. Co.,* 55 N.D. 647, 215 N.W. 93 (1927). Material facts are those that, if proven, affect the outcome of a case. *See Umpleby By and Through Umpleby v. State,* 347 N.W.2d 156 (N.D.1984). Evidence that is "substantial proof of a fact material" therefore is evidence that would significantly assist the factfinder's evaluation of a fact relevant to the outcome of the case.

To convict Michael of simple assault under section 12.1–17–01(1), the State must prove that he "[w]illfully cause[d] bodily injury to another human being." Intoxication is not an element of simple assault, nor is it a defense to a simple assault charge. *See* NDCC § 12.1–04–02. Under our statutes, whether or not Michael was intoxicated is irrelevant to whether he committed simple assault. Therefore, it seems unlikely that Michael's intoxication is a fact relevant to the outcome of the case.

In oral argument, however, the State claimed that, if it could prove that Michael were intoxicated, it would be easier to prove that he committed simple assault. Assuming, arguendo, that this were true and that Michael's intoxication is a relevant fact, the State nonetheless has failed to show that Harrington's testimony would significantly assist it in proving that Michael was intoxicated. Debra may testify about Michael's state of sobriety. So may her 13–year–old son, who witnessed the altercation between Debra and Michael. Harrington's testimony therefore could be found by a court to be cumulative and excludable under Rule 403, NDREv. Cumulative testimony is by definition testimony that would not make a significant contribution to proof of a fact.

Given the relevance and weight of the evidence suppressed, the State's conclusion that this evidence is "substantial proof of a fact material" in this case is "without foundation in reason or logic." Therefore, it has failed to meet the requirements for appeal under section 29–28–07(5).

Accordingly, the appeal is dismissed.

VANDE WALLE, C.J., and SANDSTROM, MESCHKE and NEUMANN, JJ., concur.