2000 ND 153

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Nevada Earl NORTON, Defendant and Appellee.**

**No. 20000045.**

Supreme Court of North Dakota.

Aug. 18, 2000.

Allen M. Koppy, State's Attorney, Mandan, N.D., for plaintiff and appellant.

Loren C. McCray, Alexander & Solem Law Office, Beulah, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] The State has appealed an order granting, in part, Nevada Earl Norton's motion to suppress evidence. We dismiss the appeal, because the State's notice of appeal was not accompanied by the statutorily required statement of the prosecuting attorney.

[¶ 2] On October 2, 1999, a North Dakota Highway Patrol officer discovered a vehicle parked on I–94 Exit 110. The officer asked Norton, who was in the driver's seat of the parked vehicle, to get into the officer's patrol car. After Norton was in the patrol car, the officer asked Norton for his driver's license. Norton told the officer his license had been suspended. The officer then asked Norton if he had driven to that location, and Norton admitted driving the vehicle. The officer, who had not given Norton a *Miranda*[1] warning, issued Norton a citation for driving a motor vehicle while his license was suspended, in violation of N.D.C.C. § 39–06–42.

[¶ 3] Norton moved to suppress his statements about driving the vehicle. On February 10, 2000, the trial court suppressed Norton's statements about driving, explaining:

There can be no reasonable doubt that Officer Hulm, subsequent to the defendant's voluntary statement that the defendant's driving privileges were under suspension, then focused upon the defendant's use of said motor vehicle so as to charge the defendant with the offense of driving while under the suspension. Said officer having focused his investigation upon the defendant and the specific offense of driving under suspension, was then obligated to advise the defendant of his Fourth Amendment rights as mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The officer's inquiry with respect to whether or not the defendant was the operator of said motor vehicle was a custodial interrogation, and mandated that the officer advise the defendant of his right to remain silent, and that any statements made by him would be used in the prosecution of the alleged offense. *State v. Martin,* 543 N.W.2d [224] (N.D.1996).[2]

The State filed an interlocutory appeal from the trial court's suppression order on February 17, 2000.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–07.

[¶ 5] The State's right to appeal is limited by statute. *State v. Schindele,* 540 N.W.2d 139, 141 (N.D.1995). Section 29–28–07(5), N.D.C.C., provides the State

---

1. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held prosecutors may not use statements made by suspects in police custody against them, unless, before police questioning begins, the suspect is warned he has a right to remain silent, any statement he makes may be used against him, and he has a right to the presence of an attorney. "[T]he warnings have become part of our national culture." *Dickerson v. United States,* —— U.S. ——, ——, 120 S.Ct. 2326, 2336, 147 L.Ed.2d 405, —— (2000).

2. Mere investigatory focus does not require *Miranda* warnings. *State v. Stewart,* 1999 ND 154, ¶ 8 n. 4, 598 N.W.2d 773; *State v. Fields,* 294 N.W.2d 404, 406 (N.D.1980). "[C]ustody is the determinative factor in deciding if the *Miranda* warnings are required." *Fields,* at 407. Because we dismiss the appeal for failure to comply with N.D.C.C. § 29–28–07, we do not address the merits of the trial court's ruling on suppression.

may appeal from "[a]n order ... suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal· is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." "We require prosecutors to support their appeals with an explanation," which "cannot be a mere paraphrase of the statutory language." · *Schindele,* at 141. The purpose of the prosecuting attorney's statement is to compel the prosecutor to carefully evaluate the State's case, and the actual effect of a suppression order, before appealing. · *Schindele,* at 141; *State v. Grant,* 361 N.W.2d 243, 245 (N.D.1985).

[¶ 6] The State's February 17, 2000, notice of appeal was not "accompanied by a statement of the prosecuting attorney," as required by N.D.C.C. § 29–28–07(5). The State has moved for permission to file a late statement, dated April 10, 2000. Rule .3, N.D.R.App.P., and N.D.R.Crim.P. 37 provide a. notice of appeal need only "designate the party or parties taking the appeal, what is being appealed from, and the court to which the appeal is taken." *State v. Freed,* 340 N.W.2d 172, 174 (N.D.1983). Thus, the prosecutor's statement required by N.D.C.C. § 29–28–07 to accompany the State's notice of appeal is not necessary to confer jurisdiction. *Freed,* at 174. However, under N.D.R.Crim.P. 37(a) and N.D.R.App.P. 3(a), this Court may "impose whatever sanctions, including dismissal, that it deems appropriate for failure to comply with the statute." *Freed,*· at 174.

[¶ 7] We addressed late statements in *State v. Grant,* 361 N.W.2d 243, 245 (N.D.1985):

In enacting Section 29–28–07(5), N.D.C.C., the Legislature granted only a limited right of appeal from suppression orders. *State v. Rambousek,* 358 N.W.2d 223 (N.D.1984); *State v. Anderson,* 353 N.W.2d 324 (N.D.1984); *State v. Kisse,* 351 N.W.2d 97 (N.D. 1984). The State must make a good-faith evaluation of its case before it appeals from a suppression order. *State v. Anderson, supra; State v. Frank,* 350 N.W.2d,596 (N.D.1984). The purpose of the· statutory requirement will be thwarted if we continue to allow the State to ignore it. We will not condone the State's disregard of the statutory requirement, and we therefore dismiss the appeal.

Overlooking the State's failure to file a statement of the prosecuting attorney with the notice of appeal, and accepting its tardy statement would thwart the statutory purpose of requiring the State's prosecutors to "make a good-faith evaluation of· its case before it appeals from a suppression order." *Grant,* at 245. We conclude we must deny the State's motion to file a late statement, and we therefore dismiss the State's appeal.

[¶ 8] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.