2001 ND 12

**The CITY OF HARVEY, Plaintiff and Appellant,**

v.

**Kyle FETTIG, Defendant and Appellee.**

**No. 20000185.**

Supreme Court of North Dakota.

Jan. 30, 2001.

 

Kathleen K. Trosen, City Attorney, Harvey, ND, for plaintiff and appellant.

Michael S. McIntee, McIntee Law Firm, Towner, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]  The City of Harvey has appealed from an order granting, in part, Kyle Fettig's motion to suppress evidence. We dismiss the appeal because the City's notice of appeal was not accompanied by a statement of the prosecuting attorney as required by N.D.C.C. § 29–28–07(5).

[¶ 2]  In the early morning hours of November 5, 1999, Harvey police officer Marc Balfour noticed a pickup driving without lights. He activated his overhead lights and the pickup stopped near one side of the street, but with part of the pickup still in the driving lane. Balfour approached the vehicle but could not see anyone inside. As Balfour walked to the rear of the pickup he heard one of the doors slam shut and saw a young male flee. Balfour was unable to apprehend the man.

[¶ 3]  The pickup was eventually towed to the Harvey City Hall, where a warrantless search of the vehicle was conducted. Among other items, officers found alcoholic beverages in the pickup. Because the pickup was registered to Fettig, and Fettig's wallet and driver's license were found in the pickup, Balfour went to Fettig's home and questioned him about the incident. Fettig admitted he had been driving the pickup and that there was beer in the pickup.

[¶ 4]  Fettig was ultimately charged with minor in possession, open container, fleeing a peace officer, care required, and a parking violation. Fettig moved to suppress all evidence seized from the pickup and the statements he made during the interview at his home. After an evidentiary hearing, the trial court concluded the warrantless search of Fettig's pickup violated the Fourth Amendment. The court therefore suppressed all evidence relating to alcohol found in the pickup and any statements made by Fettig relating to that evidence, but refused to suppress other statements made by Fettig. The City filed an interlocutory appeal from the trial court's suppression order.

[¶ 5]  The prosecution's right to appeal in a criminal case is strictly limited by statute. *State v. Norton*, 2000 ND 153, ¶ 5, 615 N.W.2d 531 (2000); *State v. Schindele*, 540 N.W.2d 139, 141 (N.D.1995). Section 29–28–07(5), N.D.C.C., allows the prosecution to appeal from

An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

[¶ 6]  The prosecutor's statement cannot be a mere paraphrase of the statutory language, but must have substance. *Norton*, 2000 ND 153, ¶ 5, 615 N.W.2d 531; *Schindele*, 540 N.W.2d at 141. Prosecutors must support their appeals with an explanation of the relevance of the suppressed evidence. *Norton*, at ¶ 5; *Schindele*, at 141. The purpose of the statutory requirement is to ensure that the prosecutor has carefully evaluated the State's case, and the actual effect of the suppression order, *before* filing the notice of appeal. *Norton*, at ¶ 5; *Schindele*, at 141; *State v. Grant*, 361 N.W.2d 243, 245

(N.D.1985). The State's right to appeal hinges on a favorable review of the prosecutor's statement by this Court. *Schindele*, at 141.

[¶ 7] The City in this case filed a document entitled "NOTICE OF MOTION AND MOTION FOR CONTINUANCE and NOTICE OF APPEAL."[1] The City contemporaneously filed numerous other documents, including an affidavit of the prosecuting attorney. The affidavit contains no mention of N.D.C.C. § 29–28–07(5) or the required prosecutor's statement, but rather was clearly intended to support the City's motion for continuance. The affidavit does include the following statement: "The Plaintiff believes that the Evidence is material to the Plaintiff's case in chief, and the Plaintiff would not be able to properly present the charges against the Defendant without a ruling upon whether or not the Court's Order Suppressing Evidence is supported by law and fact." There is no language in the affidavit indicating the appeal is not taken for the purpose of delay, nor any explanation of the relevance and importance of the suppressed evidence.

[¶ 8] The "statement" in the prosecutor's affidavit at best merely paraphrases one of the two prongs required by the statute, and fails to outline the specific relevance of and need for the evidence which was suppressed. Accordingly, we conclude the City has failed to comply with the requirements of N.D.C.C. § 29–28–07(5), and we dismiss the appeal.

[¶ 9] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.

---

1. Because we dismiss the appeal for failure to comply with N.D.C.C. § 29–28–07(5), we need not address whether this omnibus document satisfies the requirements of a notice of appeal under N.D.R.Crim.P. 37 and N.D.R.App.P. 3.