2010 ND 117

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Kim Rene EMIL, Defendant and Appellee**

**State of North Dakota, Plaintiff and Appellant**

v.

**Wayne George Emil, Jr., Defendant and Appellee.**

Nos. 20090286, 20090287.

Supreme Court of North Dakota.

June 30, 2010.

Allen M. Koppy (argued), State's Attorney, Mandan, ND, for plaintiff and appellant.

William R. Thomason (argued), Bismarck, ND, for defendant and appellee Wayne George Emil, Jr.

Michael R. Hoffman (appeared), Bismarck, ND, for defendant and appellee Kim Rene Emil.

KAPSNER, Justice.

[¶ 1] The State appeals from a district court order granting Wayne Emil, Jr. and Kim Emil's motions to suppress. We dismiss the appeal because the State failed to file sufficient prosecutor's statements under N.D.C.C. § 29–28–07(5).

I.

[¶ 2] In April 2003, Wayne Emil, Jr. filed a claim with Workforce Safety and Insurance (WSI), alleging he suffered a work-related injury. WSI accepted the claim and began paying disability benefits. In 2007, WSI began investigating whether Wayne Emil, Jr. had made material false statements to WSI by failing to report income and work activities on periodic injured worker status reports. While Wayne Emil, Jr. reported earning $70 from Lady Bug Lawn Service for ten hours of work from May 1 to May 7, 2007, WSI suspected he had performed work and received compensation beyond the reported amounts. As part of its fraud investigation, WSI issued administrative subpoenas duces tecum to two credit un-

ions. The subpoenas sought financial records for "Wayne Emil Jr." or "Wayne Emil Jr. d/b/a Lady Bug Lawn Service." In response to the subpoenas, the credit unions produced records from Wayne Emil, Jr.'s personal account and a loan application submitted by Wayne Emil, Jr. In addition, one credit union produced information from an account under the name "Lady Bug Lawn Service." The Lady Bug Lawn Service records indicated the account was opened by Kim Emil, Wayne Emil, Jr.'s wife. The credit unions did not have any accounts under the name "Wayne Emil Jr. d/b/a Lady Bug Lawn Service." WSI used information obtained from the credit unions to contact Lady Bug Lawn Service customers and determine the extent of Wayne Emil, Jr.'s work for the company.

[¶ 3] Following its investigation, WSI initiated administrative proceedings to terminate Wayne Emil, Jr.'s disability benefits. WSI claimed Wayne Emil, Jr. had willfully and intentionally failed to report income and work activities. An administrative law judge found in favor of WSI, terminated Wayne Emil, Jr.'s disability benefits, and ordered him to pay $30,857.82 in restitution. The State then pursued criminal charges against both Wayne Emil, Jr. and Kim Emil. The State charged Wayne Emil, Jr. with workforce safety fraud under N.D.C.C. § 65–05–33 and Kim Emil as an accomplice to workforce safety fraud under N.D.C.C. §§ 65–05–33 and 12.1–03–01. The State alleged Kim Emil worked with Wayne Emil, Jr. in conducting the business activities of Lady Bug Lawn Service, and she was a knowing accomplice to his unreported work activities and income.

[¶ 4] Wayne Emil, Jr. and Kim Emil filed motions to suppress any financial records obtained from the credit unions regarding Kim Emil or Lady Bug Lawn

Service. They argued the credit unions illegally provided records from the Lady Bug Lawn Service account because WSI's subpoenas only requested records for "Wayne Emil Jr." or "Wayne Emil Jr. d/b/a Lady Bug Lawn Service," and no entity called "Wayne Emil Jr. d/b/a Lady Bug Lawn Service" exists. The district court agreed and issued an order suppressing financial records under the name: Kim Emil, Kim Emil d/b/a Lady Bug Lawn Service, or Lady Bug Lawn Service. The State now appeals from the district court order granting the motions to suppress. However, as a preliminary matter, Wayne Emil, Jr. and Kim Emil argue this Court should dismiss the State's appeal because the State failed to file sufficient prosecutor's statements.

## II.

[¶ 5] "The prosecution's right to appeal in a criminal case is strictly limited by statute." *City of Harvey v. Fettig,* 2001 ND 12, ¶ 5, 621 N.W.2d 324. The State may only appeal from an order suppressing evidence "when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." N.D.C.C. § 29–28–07(5). "The purpose of the statutory requirement is to ensure that the prosecutor has carefully evaluated the State's case, and the actual effect of the suppression order, *before* filing the notice of appeal." *Fettig,* at ¶ 6 (emphasis in original) (citing *State v. Norton,* 2000 ND 153, ¶ 5, 615 N.W.2d 531; *State v. Schindele,* 540 N.W.2d 139, 140 (N.D.1995)). As we explained in *Schindele,* at 141:

The language in section 29–28–07(5), NDCC, requiring the prosecutor to assert that the suppressed evidence is "a substantial proof of a fact material in the proceeding" was added to the statute in

1985. 1985 N.D. Laws ch. 363 § 1. It replaced language requiring the prosecutor to assert that, without the suppressed evidence, the state's case was "(1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed." *Id.* With the revision of this section, the legislature liberalized the state's right to appeal. [*State v. Allery,* 371 N.W.2d 133, 135 n. 1 (N.D.1985)]. We construed the new language in section 29–28–07(5), NDCC, for the first time in *State v. Murray,* 510 N.W.2d 107 (N.D.1994). We stated that the statute imposed a burden on the state to show that the suppressed evidence is actually "substantial proof of a fact material in the proceeding." *Id.* at 109.

▄▄▄▄ [¶ 6] The prosecutor's statement should not merely paraphrase the requirements of N.D.C.C. § 29–28–07(5), "but must have substance." *Fettig,* 2001 ND 12, ¶ 6, 621 N.W.2d 324. "Prosecutors must support their appeals with an explanation of the relevance of the suppressed evidence." *Id.* However, even if the prosecutor's statement "merely parrots the language of N.D.C.C. § 29–28–07(5)," this Court may still consider the State's appeal where "a review of the facts clearly demonstrates the relevance of the evidence suppressed." *State v. Beane,* 2009 ND 146, ¶ 6, 770 N.W.2d 283 (internal quotation omitted). *See also State v. Gay,* 2008 ND 84, ¶ 10, 748 N.W.2d 408 ("Because the State referenced the appropriate statute, addressed both prongs of the statute, and the relevance of the suppressed evidence is plain, we allow the State's appeal to proceed.").

▄▄▄ [¶ 7] . In relevant part, the prosecutor's statements in this case provided:

5. As a result of the District Court's ORDER, granting the defendant's motion to suppress evidence, the evidence gained from the administrative subpoenas and the witnesses who were discovered through that subpoena power, will be inadmissible at trial, having been suppressed by the District Court's ORDER.

6. The State's appeal from the District Court's order suppressing evidence is made in good faith and not for the purpose of delay.

7. The sum total of the evidence suppressed by the district court is evidence constituting substantial proof of facts material to the criminal proceedings . . . in that the evidence which has been suppressed is relevant to the issue of the defendant's guilt in having committed the offense charged.

Wayne Emil, Jr. and Kim Emil argue the statements simply paraphrased the requirements of N.D.C.C. § 29–28–07(5) and did not genuinely explain the relevance of the suppressed evidence. We agree. In addition, because the record does not clearly demonstrate the relevance of the suppressed evidence, we dismiss the State's appeal.

[¶ 8] Before addressing the relevance of the suppressed evidence, we note the prosecutor's statements incorrectly describe the effect of the suppression order. The district court's order provided: "The defendants' Motions to Suppress Evidence are GRANTED to the extent and for the reasons stated on the record at the hearing." At the hearing, the district court stated: "I believe that suppression is appropriate as to anything that is either solely in [Kim] Emil's name or in [Kim] Emil doing business as Lady Bug Lawn Service or [just] Lady Bug Lawn Service." Thus, the district court did not suppress the testimony of witnesses the State discovered as a result of the suppressed evidence, and the prosecutor's statements are wrong

to state such testimony has been ruled inadmissible.

[¶ 9] Upon review, the record does not clearly demonstrate the relevance of the suppressed evidence. The State charged Wayne Emil, Jr. with violating N.D.C.C. § 65–05–33, which provides a person commits a class C felony if he or she "willfully" files a false claim with, or makes a false statement to, WSI in an attempt to secure payment of benefits exceeding five hundred dollars. The State charged Kim Emil as an accomplice to Wayne Emil, Jr.'s alleged fraud. The record indicates the State obtained a membership agreement from a credit union identifying "Lady Bug Lawn Service Kim Emil" as the "Member/Owner" of the Lady Bug Lawn Service account. The record also indicates the State obtained copies of checks from Lady Bug Lawn Service customers, which were deposited into the company's account. Neither the membership agreement nor the checks included as part of the record mention Wayne Emil, Jr. Without more, we cannot say this evidence clearly relates to whether Wayne Emil, Jr. willfully filed a false claim with, or made a false statement to, WSI in an attempt to fraudulently secure the payment of benefits, nor whether Kim Emil acted as an accomplice to such behavior.

[¶ 10] Beyond suppressing the membership agreement and customer checks, the effect of the suppression order is unclear. While the district court suppressed evidence obtained from the Lady Bug Lawn Service account, the order does not identify which evidence came from that account. The State also failed to identify the specific evidence suppressed by the district court's order. For example, the record indicates the State obtained a copy of a $70 check from Lady Bug Lawn Service to Wayne Emil, Jr., dated May 4, 2007. However, the prosecutor's statements do not explain whether the State obtained the check from Wayne Emil, Jr.'s personal account or Lady Bug Lawn Service's account. Without knowing the source of the check, we cannot know whether it was suppressed. Without a clear understanding of the additional evidence suppressed by the district court, we cannot determine its relevance. Because the prosecutor's statements fail to explain the relevance of the suppressed evidence, and such relevance is not clear from the record, we dismiss the State's appeal.

[¶ 11] Although the relevance of a check payable to Wayne Emil, Jr. can be gleaned from the nature of the charges, the relevance of checks on which he is neither payor nor payee is not apparent without some explanation. The necessity of the suppressed evidence is also not readily apparent from the record, and the State has made no showing that the information obtained through non-suppressed evidence is inadequate to proceed. The record indicates WSI obtained information from Wayne Emil, Jr.'s personal account and the loan application he submitted to one of the credit unions. The record also indicates WSI used this information to perform investigative work prior to the administrative proceeding. The district court's order did not suppress evidence obtained from Wayne Emil, Jr.'s personal account or his loan application. Therefore, the State may proceed in its prosecution with this evidence and the information derived from it.

III.

[¶ 12] The State appeals from a district court order granting Wayne Emil, Jr. and Kim Emil's motions to suppress. We dismiss the appeal because the State failed to file sufficient prosecutor's statements under N.D.C.C. § 29–28–07(5).

[¶ 13] GERALD W. VANDE WALLE, C.J. and MARY MUEHLEN MARING, J., concur.

SANDSTROM, Justice, dissenting.

[¶ 14] I respectfully dissent, because the State has complied with the plain language of N.D.C.C. § 29–28–07(5).

## I

[¶ 15] "Appeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law." N.D. Const. art. VI, § 6. "As such, we have held that the right to appeal in this state is governed solely by statute." *Interest of K.J.*, 2010 ND 46, ¶ 14, 779 N.W.2d 635. Accordingly, this Court is not entitled to restrict the right to appeal as established by the legislature. *See, e.g., In re Heart River Irr. Dist.*, 78 N.D. 302, 49 N.W.2d 217, 224 (1951) ("Statutes governing the right of appeal must be liberally construed to maintain the right.").

[¶ 16] Section 29–28–07, N.D.C.C., provides the State may appeal:

An order granting the return of property or suppressing evidence, or suppressing a confession or admission, *when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.* The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

N.D.C.C. § 29–28–07(5) (emphasis added). Here the State complied with the plain language of the statute. The prosecutor's statement asserted that the appeal was not taken for the purpose of delay and that the suppressed evidence was substantial proof of facts material to the proceeding. *See* Majority Opinion at ¶ 7. The majority correctly notes that our case law has required

prosecutors to support their appeals with an explanation of the relevance of the suppressed evidence. *See, e.g., City of Harvey v. Fettig*, 2001 ND 12, ¶ 6, 621 N.W.2d 324 ("The prosecutor's statement cannot be a mere paraphrase of the statutory language, but must have substance."). However, the requirement of "substance" in our precedent has its roots in the original version of N.D.C.C. § 29–28–07(5), and does not reflect the plain language of the current statute.

[¶ 17] The original version of N.D.C.C. § 29–28–07(5) differed substantially from the current law. Subsection 5 of N.D.C.C. § 29–28–07 was added in 1977, and stated the State may appeal:

An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the property ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal.

N.D.C.C. § 29–28–07(5) (1977). The statute was amended in 1985 to its current version requiring only "a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." N.D.C.C. § 29–28–07(5). Our case law, however, continued to require prosecutors to support their appeals with an explanation of the relevance of the suppressed evidence.

For example, in *City of Harvey v. Fettig*, 2001 ND 12, ¶ 6, 621 N.W.2d 324, we cited to *State v. Norton*, 2000 ND 153, ¶ 5, 615 N.W.2d 531, and *State v. Schindele*, 540 N.W.2d 139, 141 (N.D.1995), to support the requirement that the prosecutor's statement have substance and include an explanation of relevance. *Norton*, in turn, cited to *Schindele*, which relied on *State v. Frank*, 350 N.W.2d 596 (N.D.1984). *See Schindele*, 540 N.W.2d at 141 (citing *Frank* for the proposition that the prosecutor's statement must have substance and cannot be a mere paraphrase of the statutory language). *Frank* was decided in 1984, a year before the legislature passed the 1985 statutory amendment. While we have recognized that the law was changed in 1985, *see, e.g., State v. Schindele*, 540 N.W.2d 139, 141 (N.D.1995), we have continued to rely on cases that were decided before the 1985 amendment to support that proposition that the prosecution is required to do more than meet the plain language of the statute. Our cases have not reflected the change in the law, which now requires only "a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." N.D.C.C. § 29–28–07(5). We must remember that absent constitutional infirmity, our case law does not prevail over the plain words of statute. *See* N.D.C.C. § 1–01–06 ("In this state there is no common law in any case in which the law is declared by the code."). And, further, the Constitution of North Dakota assigns to the legislature the authority to determine the right to appeal. N.D. Const. art. VI, § 6. This Court may not limit the statutory right to appeal. *Bonde v. Stern*, 72 N.D. 476, 481, 8 N.W.2d 457, 461 (1943).

## II

[¶ 18] Because the State has complied with the plain language of N.D.C.C. § 29–28–07(5), I would not dismiss the appeal for failure to file a sufficient prosecutor's statement.

[¶ 19] DANIEL J. CROTHERS, J., concurs.