2011 ND 109

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Karleen Ann PETERSON, Defendant and Appellee.**

**No. 20100358.**

Supreme Court of North Dakota.

June 21, 2011.

Sean B. Kasson, Assistant State's Attorney, Minot, N.D., for plaintiff and appellant.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] The State appeals from the trial court's order granting Karleen Peterson's motion to suppress. We dismiss the appeal because the prosecuting attorney's statement did not satisfy the requirements of N.D.C.C. § 29–28–07(5).    .

I

[¶ 2] On April 7, 2010, officers entered Tucker Payne's residence under the authority of Payne's probationary conditions, which provided that Payne must submit his "person, place of residence or vehicle, or any other property to which [he] has access, to search and seizure, at any time of the day or night, with or without a search warrant." The officers limited their search to the living room area and to Payne's bedroom, which he shared with his girlfriend, Karleen Peterson. In the bedroom, the officers found a metal cleaning rod on a bed side table with burned marijuana residue on it and a purse on the bedroom floor. A search of the purse revealed the following items: a metal smoking device with burned marijuana residue, a metal mushroom with marijuana residue, and a piece of notebook paper with a lump of marijuana resin. Peterson told the officers all drugs and drug paraphernalia found in the bedroom belonged to her.

[¶ 3] The State charged Peterson with one count of unlawful possession of a controlled substance, in violation of N.D.C.C. § 19–03.1–23, and one count of unlawful possession of drug paraphernalia, in violation of N.D.C.C. § 19–03.4–03. Peterson moved to suppress the evidence seized from her purse, arguing the warrantless search of the purse violated her Fourth Amendment rights. The State waived a hearing and the matter was submitted to the trial court on the briefs only.

[¶ 4] The trial court issued its opinion on October 1, 2010. The trial court found that by choosing to reside with a probationer, Peterson had a diminished expectation of privacy in the areas of the residence that she shared with the probationer. The trial court concluded, however, Peterson's purse was not "an area in which she could expect to enjoy a diminished expectation of privacy." The court explained that Peterson's decision to live with a probationer cannot "translate into consent for a warrantless search of her purse." Moreover, nothing in the record indicated Peterson and Payne had mutual use of, joint access to, or control over Peterson's purse. Accordingly, the trial court concluded the warrantless search of Peterson's purse violated her Fourth Amendment rights, and it granted her motion to suppress. The State appealed.

II

[¶ 5] In a criminal case, the State's right to an appeal is strictly limited

by statute. *State v. Emil*, 2010 ND 117, ¶ 5, 784 N.W.2d 137. Under N.D.C.C. § 29–28–07(5), the State may only appeal from an order suppressing evidence when the appeal is "accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." We have stated that the purpose behind this statutory requirement is " 'to ensure that the prosecutor has carefully evaluated the State's case, and the actual effect of the suppression order, *before* filing the notice of appeal.' " *Emil*, at ¶ 5 (quoting *City of Harvey v. Fettig*, 2001 ND 12, ¶ 6, 621 N.W.2d 324). We have further explained that under the statute, the State has the burden to show "the suppressed evidence is actually 'substantial proof of a fact material in the proceeding.' " *Id.* (quoting *State v. Schindele*, 540 N.W.2d 139, 140 (N.D. 1995)).

[¶ 6] The prosecuting attorney's statement should not merely paraphrase the statutory language. *Emil*, 2010 ND 117, ¶ 6, 784 N.W.2d 137. Rather, the statement must have substance and must explain the relevance of and the need for the suppressed evidence. *Id.* The 1985 North Dakota Legislative Assembly amended N.D.C.C. § 29–28–07(5) to require the prosecuting attorney to assert the suppressed evidence is "a substantial proof of a fact material in the proceeding." 1985 N.D. Sess. Laws ch. 363, § 1. The prior version of the statute required the prosecuting attorney to assert that, without the suppressed evidence, the State's case would be "(1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed." *Id.* The legislative history for the 1985 amendment indicates the current statutory language is patterned after federal law. *Hearing on S.B. 2287 Before the Senate Judiciary Comm.*, 49th N.D. Legis. Sess. (Jan. 29, 1985) (testimony of Gail Hagerty, State's Attorney, Burleigh County); *compare* 18 U.S.C.A. § 3731 (allowing the government to pursue an interlocutory appeal from an order suppressing evidence "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that *the evidence is a substantial proof of a fact material in the proceeding* ") (emphasis added) *with* N.D.C.C. § 29–28–07(5) (allowing the State to pursue an appeal from an order suppressing evidence if the prosecuting attorney provides a statement the appeal is not taken for purpose of delay and the evidence is a substantial proof of a fact material in the proceeding). We recognize the trend among the federal circuit courts has been to allow the government's appeal to proceed if the government simply certifies that the evidence suppressed is substantial proof of material fact. *See United States v. Johnson*, 228 F.3d 920, 923–24 (8th Cir. 2000) (stating mere certification by the government is enough to demonstrate the materiality of the suppressed evidence); *see, e.g., United States v. Grace*, 526 F.3d 499, 506 (9th Cir.2008) (holding a certification by a United States attorney the appeal is not taken for purpose of delay and the evidence is a substantial proof of a fact material in the proceeding is sufficient and overruling its prior decisions requiring an explanation of materiality); *United States v. McNeill*, 484 F.3d 301, 308–09 (4th Cir. 2007) (suggesting certification alone is sufficient); *Gov't of Virgin Islands v. Hodge*, 359 F.3d 312, 325 n. 13 (3d Cir.2004) (stating the appeal was proper based on the filing of the certification); *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001) (concluding the submission of the certificate is enough to establish appellate jurisdiction). We also recognize, however, that we are not compelled to interpret the

statutory requirement for a prosecuting attorney's statement in an identical manner as the federal circuit courts interpret the corresponding requirement for a United States attorney's certification. *See State v. Neset*, 462 N.W.2d 175, 177 (N.D. 1990) (stating this Court need not interpret state procedural rules in the same manner as federal courts interpret federal rules of procedure, even when the language of the rules is similar); *see also State v. Freed*, 340 N.W.2d 172, 174 (N.D. 1983) (holding the statutorily required prosecuting attorney's statement is a procedural rather than jurisdictional requirement); *accord Johnson*, 228 F.3d at 922–23 (discussing the certification requirement as a jurisdictional requirement). Accordingly, we adhere to our prior decisions requiring the prosecuting attorney's statement to outline the specific relevance of and need for the suppressed evidence. *See, e.g., Fettig*, 2001 ND 12, ¶ 6, 621 N.W.2d 324.

[¶ 7] We have stated, however, that even when the statement "merely parrots the language of N.D.C.C. § 29–28–07(5)," this Court may still review the appeal if the facts clearly demonstrate the relevance of the suppressed evidence. *State v. Beane*, 2009 ND 146, ¶ 6, 770 N.W.2d 283. Thus, we have allowed the State's appeal to proceed when "the State referenced the appropriate statute, addressed both prongs of the statute, and the relevance of the suppressed evidence [was] plain," *State v. Gay*, 2008 ND 84, ¶ 10, 748 N.W.2d 408, but have dismissed the State's appeal when "[t]he necessity of the suppressed evidence [was] not readily apparent from the record, and the State [ ] made no showing that the information obtained through non-suppressed evidence [was] inadequate to proceed." *Emil*, at ¶¶ 11–12.

### III

[¶ 8] The statement of the prosecuting attorney in this case provides:

The State hereby appeals the Court's Order suppressing evidence in the above entitled matter. This appeal is being made pursuant to NDCC 29–28–07(5), an order granting suppression of evidence. This appeal is not for purpose of delay and the evidence is a substantial proof of a fact material in the proceeding. A hearing was not held in this matter.

The statement references the appropriate statute and notes both prongs of the statute. The statement, however, does not explain, and the facts do not clearly demonstrate, the relevance of or the need for the suppressed evidence.

[¶ 9] The State charged Peterson with one count of unlawful possession of a controlled substance, in violation of N.D.C.C. § 19–03.1–23, and one count of unlawful possession of drug paraphernalia, in violation of N.D.C.C. § 19–03.4–03. At oral argument, the State asserted it needed the suppressed evidence to prove the charge of unlawful possession of a controlled substance. We disagree.

[¶ 10] Section 19–03.1–23(7), N.D.C.C., provides that it is unlawful for any person to willfully possess a controlled substance "unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner." The State charged Peterson with "willfully possess[ing] marijuana in an amount less than one-half ounce." Section 19–03.1–01(17), N.D.C.C., defines marijuana as "all parts of the plant cannabis whether growing or not; the seeds thereof; the resinous product of the combustion of the plant cannabis; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds." *Compare* 1971 N.D. Sess. Laws ch. 235, § 1 (omitting "the resinous product of the combustion of

the plant cannabis" from the definition of marijuana) *with* N.D.C.C. § 19–03.1–01(17) (defining marijuana to include "the resinous product of the combustion of the plant cannabis"); *see also Hearing on S.B. 2052 Before the Senate Judiciary Comm.,* 1979 N.D. Legis. Sess. (Jan. 22, 1979) (testimony of Aaron Rash, supervisor of the criminal laboratories) (suggesting the definition of marijuana be amended to include "the resinous product of combustion" of the plant cannabis).

[¶ 11] The record shows that while searching Payne's bedroom, the officers found, in plain view, a metal cleaning rod with burned marijuana residue on it. The record further shows Peterson told the officers the cleaning rod belonged to her. The trial court did not suppress the evidence found in plain view and contrary to the State's assertion during oral argument, the State could proceed with the charge using the non-suppressed evidence. Moreover, nothing in the record demonstrates the non-suppressed evidence is inadequate for the charge of possession of drug paraphernalia. Accordingly, we conclude neither the relevance of nor the necessity for the suppressed evidence is apparent from the record without some additional explanation by the State.

## IV

[¶ 12] The State appeals from the trial court's order granting Karleen Peterson's motion to suppress. We dismiss the appeal because the prosecuting attorney's statement failed to satisfy the requirements of N.D.C.C. § 29–28–07(5).

[¶ 13] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, concur.

CAROL RONNING KAPSNER concurs in the result.

SANDSTROM, Justice, dissenting.

[¶ 14] The majority dismisses the appeal on the basis of an issue not raised, contrary to the plain language of the appeal statute and in violation of the Constitution of North Dakota.

[¶ 15] The Constitution of the State of North Dakota, which we have taken an oath to support, *see* N.D. Const. art. XI, § 4, plainly and exclusively gives the legislature the right to determine what is appealable. N.D. Const. art. VI, § 6 ("Appeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law."). This Court cannot expand or contract the right to appeal. *Interest of K.J.,* 2010 ND 46, ¶ 14, 779 N.W.2d 635 ("the right to appeal in this state is governed solely by statute"); *Reub's Minot Camera, Inc. v. General Elec. Credit Corp.,* 201 N.W.2d 877, 879 (N.D.1972) ("Appeals from decisions of the district courts to the supreme court are subject to regulations by statute."); *In re Heart River Irr. Dist.,* 78 N.D. 302, 49 N.W.2d 217, 224 (1951) ("Statutes governing the right of appeal must be liberally construed to maintain the right."); *see also State v. Emil,* 2010 ND 117, ¶¶ 14–18, 784 N.W.2d 137 (Sandstrom, J., dissenting).

[¶ 16] We must remember we are not the law, but servants of the law, and agents of a sacred trust. We are both empowered and constrained by the Constitution and statutes.

[¶ 17] The legislature has provided from what the state may appeal:

> An appeal may be taken by the state from:
>
> . . . .
>
> 5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney as-

serting that *the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.* The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

N.D.C.C. § 29–28–07 (emphasis added).

[¶ 18] The State's appeal in this case plainly and unambiguously complied with the plain language of the statute by filing with its appeal the required statement of the prosecuting attorney:

> The State hereby appeals the Court's Order suppressing evidence in the above entitled matter. This appeal is being made pursuant to NDCC 29–28–07(5), an order granting suppression of evidence. This appeal is not for purpose of delay and the evidence is a substantial proof of a fact material in the proceeding. A hearing was not held in this matter.

Our job interpreting the statutes is to determine what the words mean:

> When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

N.D.C.C. § 1–02–05. There is no ambiguity in the statute. The State clearly and precisely complied with the statute. There is no basis for the pretext of "pursuing its spirit." Yet the majority purports to impose additional requirements not contained in the statute.

[¶ 19] Consider how contrary to the Constitution in general and constitutional separation of powers in particular is the majority's construction. The majority is saying the standard is not "what do the words of the statute mean?" but "what do we think the legislature meant to say?" or "what do we think the legislature should have said?" Under majority formulation, the words of the statute are only advisory to its "divining" of "legislative intent."

[¶ 20] Dale V. Sandstrom